■ DELIA VENDITTI et al., Respondents, v INCORPORATED VILLAGE OF BROOKVILLE et al., Appellants, et al., Defendants. — In an action, *inter alia,* to declare the zoning ordinances of 10 North Shore Villages and the Town of Oyster Bay violative of State and Federal law, nine defendant villages and their mayors appeal from an order of the Supreme Court, Nassau County (Oppido, J.), dated May 17, 1983, which denied their motions for summary judgment brought on the ground that plaintiffs lacked standing to maintain the action. Order affirmed, with costs. We agree with Special Term that in view of the conflicting affidavits material issues of fact exist as to whether the individual plaintiffs have suffered an "injury in fact", thus precluding summary judgment (see *Sillman v Twentieth Century-Fox Film Corp.,* 3 NY2d 395). Particularly is this so in light of the trend in this State toward a liberal position in favor of finding standing and determining disputes upon the merits, especially where "issues of great public significance which are likely to recur" are involved (*Matter of National Organization for Women v State Div. of Human Rights,* 34 NY2d 416, 419) or where adherence to traditional rules would "in effect * * * erect an impenetrable barrier to any judicial scrutiny" of the challenged action (*Boryszewski v Brydges,* 37 NY2d 361, 364). This broadening of the rules has been specifically applied to zoning litigation (see *Matter of Douglaston Civic Assn. v Galvin,* 36 NY2d 1) and has even permitted

actions not maintainable in Federal courts to be brought in our courts (see *Venditti v Incorporated Vil. of Old Westbury,* 89 AD2d 960; *Suffolk Housing Serv. v Town of Brookhaven,* 91 Misc 2d 80, mod 63 AD2d 731). Lazer, J. P., Gulotta, Brown and Boyers, JJ., concur.