■ SCARSDALE MANOR OWNERS, INC., Appellant, v ZYGFRYD B. WOLLOCH et al., Respondents, et al., Defendants. — In an action, *inter alia,* to recover damages for fraud, plaintiff Scarsdale Manor Owners, Inc., appeals, as limited by its brief, from so much of an order of the Supreme Court, Westchester County (Walsh, J.), dated May 6, 1982, as granted that part of the defendants' motion which was to dismiss the first, second, third and fifth causes of action.

Order reversed insofar as appealed from, without costs or disbursements, and motion insofar as it was to dismiss the first, second, third and fifth causes of action denied.

By the first, second, third and fifth causes of action in the complaint, plaintiff cooperative corporation seeks to recover damages based upon fraudulent statements as to the condition of an apartment complex, made by the former owners, defendants herein, as sponsors in a conversion plan filed by them with the Attorney-General pursuant to section 352-e (subd 1, par [b]) of the General Business Law. The action was instituted when the defendant sponsors were no longer the controlling shareholders of the cooperative corporation. Special Term granted the sponsors' motion to dismiss, *inter alia,* the afore-mentioned causes of action for legal insufficiency on the ground that since the cooperative corporation did not purchase any of the offered shares of stock, it was in no position to claim reliance upon misrepresentations contained in the plan, and therefore lacked standing to sue. Thus, in effect, Special Term held that only tenants in possession and shareholders had such standing. We disagree.

Section 352-e (subd 1, par [b]) of the General Business Law requires that the sponsor set forth, *inter alia,* "a description of the property", as well as "such additional information as the

attorney general may prescribe in rules and regulations * * * as will afford *potential investors, purchasers and participants* an adequate basis upon which to found their judgment" (emphasis supplied). Pursuant to section 352-e (subd 6, par [b]) of the General Business Law, the Attorney-General has promulgated regulations (see 13 NYCRR 18.1 *et seq.*). Section 18.3 of such regulations provides in part that: "Sponsor must adopt the *Description of Property and Building Condition* set forth in Part II of the plan and represent that sponsor has no knowledge of any material defects or need for major repairs to the property except as set forth in the *Description of Property and Building Condition.*" (13 NYCRR 18.3 [hh] [1].) If the sponsor indeed has "knowledge of any material defects or need for major repairs" (13 NYCRR 18.3 [hh] [1]) and fails to reveal them (as implicitly alleged in the complaint), then those persons who are deprived of "an adequate basis upon which to found their judgment" (General Business Law, § 352-e, subd 1, par [b]) would not be limited to the tenants in occupancy who accepted the plan, but would include *all* "potential investors, purchasers and participants" (General Business Law, § 352-e, subd 1, par [b]).

Furthermore, the Court of Appeals has stated that article 23-A of the General Business Law (known as the "Martin Act"), which includes section 352-e: "is remedial in nature and should be liberally construed in order that its beneficent purpose may, so far as possible, be attained * * * The purpose of the law is to prevent all kinds of fraud in connection with the sale of securities and commodities and to defeat all related schemes whereby the public is exploited, the terms 'fraud' and 'fraudulent practices' to be given a wide meaning so as to embrace all deceitful practices contrary to the plain rules of common honesty, including all acts, even though not originating in any actual evil design to perpetrate fraud or injury upon others, which do tend to deceive or mislead the purchasing public * * * More to the point, in reviewing condominium and cooperative apartment ventures, the most rigid standards of fair dealing and good faith toward tenants are to be imposed on promoters" (*People v Lexington Sixty-First Assoc.,* 38 NY2d 588, 595; see, also, *Matter of Gardner v Lefkowitz,* 97 Misc 2d 806, 812-813). The Legislature has acknowledged the right of a condominium association to bring suit "on behalf of two or more of the unit owners * * * with respect to any cause of action relating to the common elements or more than one unit" (Real Property Law, § 339-dd). Both the condominium and the cooperative association are commonly held responsible for the maintenance of the common elements of their respective developments (see 15A Am Jur 2d, Condominiums and Co-operative Apartments, §§ 29, 74). As the defendant

sponsors are no longer controlling shareholders of the "co-op" corporation, plaintiff corporation would function as the condominium association would in regard to the common areas and therefore, a "[r]ealistic and practical application" of section 339-dd of the Real Property Law suggests that the statute be read to permit an action by the co-op association against a promoter for alleged misrepresentations with respect to the common elements.

Furthermore, in view of the recent "trend in this State toward a liberal position in favor of finding standing and determining disputes upon the merits, especially where 'issues of great public significance which are likely to recur' are involved (*Matter of National Organization for Women v State Div. of Human Rights,* 34 NY2d 416, 419) or where adherence to traditional rules would 'in effect * * * erect an impenetrable barrier to any judicial scrutiny' of the challenged action" (*Venditti v Incorporated Vil. of Brookville,* 96 AD2d 887), the co-op corporation, as the only entity that can fairly allocate recovery to the "investors" and "purchasers" who actually suffered the damages, has an interest in this litigation which is "personal, real, direct and substantial" (*Matter of Whalen v Lefkowitz,* 36 NY2d 75, 78) and thus has standing to sue. Accordingly, the order of Special Term is reversed insofar as appealed from, and the motion in question is denied insofar as it was to dismiss the first, second, third and fifth causes of action. Mollen, P. J., Weinstein, Brown and Boyers, JJ., concur.