BOARD OF MANAGERS OF THE FAIRWAYS AT NORTH HILLS CONDOMINIUM, Respondent, v FAIRWAYS AT NORTH HILLS et al., Defendants, and UNION SAVINGS BANK et al., Appellants.

Second Department, September 11, 1989

## APPEARANCES OF COUNSEL

*Pelletreau & Pelletreau (Russell C. Burcheri* of counsel), for appellants.

*Cohen & Warren, P. C. (Michael F. Cohen* of counsel), for respondent.

RUBIN, J.

■ On this appeal we are asked to decide whether a board of managers of a condominium may bring a "private" cause of action against the sponsors of the condominium project to recover damages for alleged violations of certain provisions of the Martin Act (General Business Law art 23-A). Consistent with the decision of the Court of Appeals in *CPC Intl. v McKesson Corp.* (70 NY2d 268), we hold that no such cause of action exists.

The gravamen of the first and second causes of action in the complaint brought by the Board of Managers of the Fairways at North Hills Condominium are violations of the Martin Act, resulting from alleged misrepresentations in the offering plan. The complaint additionally seeks to recover damages based on theories of common-law fraud, breach of contract, negligence and breach of fiduciary duty. The sponsor of the project is the defendant Fairways at North Hills, Inc. and Ben-Falk, Ltd., as general partners, and the appellant Union Savings Bank (hereinafter the bank), as limited partner. The individual defendant Charles Falkner is vice-president of both Ben-Falk, Ltd. and the bank. In addition, it is alleged that Charles Falkner and the remaining two individual defendants, Harvey and Steve Auerbach, constituted the first board of managers of the condominium.

The appellants (Charles Falkner and the bank) separately moved to dismiss the complaint insofar as it is asserted against them. In support of their respective motions, Falkner contended that he could not be held personally liable for any damages sustained by the plaintiff because he had acted solely in his capacity as a corporate officer for a disclosed principal. The bank denied any active role in the construction of the project or in the preparation and publication of the offering plan. The bank insisted that it had merely loaned money to the defendant Fairways at North Hills to provide financing for the development and marketing of the condominium project. Relying on Falkner's status as a corporate officer and the bank's status as a limited partner, they contended that liability could not be imposed upon them for any alleged fraud, misrepresentations, negligence or breaches of contract committed by the corporation or the general partners, respectively, under the applicable principles of corporate, partnership and agency law. The Supreme Court denied Falkner's

motion on the ground that an officer or director of a corporation may be liable for the fraudulent practices of his corporation under the provisions of the Martin Act, regardless of the laws of agency. The court also denied the bank's motion to dismiss on the ground that its role was not merely that of a passive lender of capital. The court found that the issues surrounding the bank's activities were "subject to discovery" and that "questions of fact concerning [the bank's] role in the offering and its responsibilities under the Martin Act" sufficed to deny a motion for summary judgment. The court additionally noted that "[t]hese activities may very well be subject to and violative of § 352-e (1) (2) and 352-c (2) of the Martin Act".

On appeal, the appellants argue that the Martin Act does not authorize a private cause of action, citing the decision of the Court of Appeals in *CPC Intl. v McKesson Corp.* (70 NY2d 268, *supra*). In the absence of a private cause of action under the Martin Act, the appellants contend that their respective motions should have been granted, since liability could not attach to either a corporate officer or limited partner under the governing principles of corporate, partnership or agency law.

The plaintiff concedes that the Martin Act has been construed to be an enforcement mechanism for the Attorney-General to prevent fraud in connection with public offerings of securities and, as a general rule, the statute does not authorize the commencement of an action by a private litigant to recover damages for violations of its provisions. However, the plaintiff argues that an exception to the general rule has been adopted, authorizing a private cause of action by a board of managers of a condominium against its sponsor for violations of the Martin Act. The plaintiff relies on the decision of the Appellate Division, First Department, in *East End Owners Corp. v Roc-East End Assocs.* (128 AD2d 366), which was decided between the date of argument and the date of the decision by the Court of Appeals in *CPC Intl. v McKesson Corp. (supra).* In *East End Owners Corp. v Roc-East End Assocs. (supra),* the First Department held that a cooperative's board of directors—the functional equivalent of a condominium's board of managers—could bring a private action to recover damages for a violation of General Business Law § 352-e.

Although one court recently opined that the holding in *CPC Intl. v McKesson Corp.. (supra)* did not impliedly overrule the exception carved out by the First Department's decision in

*East End Owners Corp. v Roc-East End Assocs. (supra) (see, Armory Owners v Armory Estates,* NYLJ, Dec. 30, 1988, at 19, col 1), we arrive at a contrary conclusion.

In *CPC Intl. v McKesson Corp. (supra),* the Court of Appeals was confronted with the issue of whether there is an implied private cause of action to recover damages for violations of the antifraud provisions of the Martin Act *(see,* General Business Law § 352-c). Before a violation of a statutory provision gives rise to an implied private cause of action to recover damages, the court noted that it must be shown that the plaintiff belongs to the class of persons whom the Legislature intended to benefit and that a private right of action would be clearly in furtherance of the legislative purpose *(CPC Intl. v McKesson Corp., supra; Burns Jackson Miller Summit & Spitzer v Lindner,* 59 NY2d 314, 329). The majority of the Court of Appeals found that the Martin Act and specifically General Business Law § 352-c, which was the basis of the action before it, did not meet the second part of this two-prong test. The decision reads, in pertinent part *(CPC Intl. v McKesson Corp., supra,* at 276-277): "The majority of this court holds that an implied private action is not consistent with the legislative scheme underlying the Martin Act and, specifically, section 352-c; that the specific purpose of the statute was to create a statutory mechanism in which the Attorney-General would have broad regulatory and remedial powers to prevent fraudulent securities practices by investigating and intervening at the first indication of possible securities fraud on the public and, thereafter, if appropriate, to commence civil or criminal prosecution; and that consistency of purpose with the statute includes consistency with this enforcement mechanism *(see,* General Business Law §§ 352, 353, 353-a, 354, 358; Kaufmann, Practice Commentaries, McKinney's Cons Laws of NY, Book 19, General Business Law art 23-A, at 19-20)".

The language of the decision in *CPC Intl. v McKesson Corp. (supra)* indicates that the majority of the Court of Appeals concluded that an implied private action was inconsistent with the legislative scheme underlying the Martin Act. This conclusion was not restricted to General Business Law § 352-c, which prohibits various fraudulent and deceitful practices in the distribution, exchange, sale and purchase of securities. The Martin Act includes section 352-e *(see, Scarsdale Manor Owners v Wolloch,* 106 AD2d 439, 440), the statutory provision addressed by the First Department in *East End Owners Corp. v Roc-East End Assocs. (supra).* General Business Law § 352-e

similarly provides a mechanism for the Attorney-General to prevent fraudulent practices with respect to a public offering or sale of securities, consisting of participation interests and investments in real estate, including cooperative apartment and condominium ventures *(see, e.g.,* General Business Law § 352-e [6]). Since the majority of the Court of Appeals found that a private cause of action was inconsistent with the legislative scheme and purpose of the entire Martin Act, and not merely General Business Law § 352-c, we conclude that the First Department's prior holding in *East End Owners Corp. v Roc-East End Assocs. (supra),* namely, that a cooperative's board of directors has a private action to recover damages for a violation of General Business Law § 352-e, was impliedly overruled. In any event, we decline to follow the First Department's holding because we disagree with the court's underlying rationale.

In *East End Owners Corp. v Roc-East End Assocs. (supra),* the cooperative corporation and the tenant shareholders in a cooperative apartment building brought an action, *inter alia,* to recover damages against the sponsor of the cooperative conversion plan, alleging violations of section 352-e. The action brought by the tenant shareholders was dismissed on the basis that they had "no standing" to maintain an action under this section of the Martin Act. The First Department noted that a "private right of action" can exist only where " 'the Legislature clearly intended to provide this kind of remedy' " and found no such intent with regard to section 352-e of the Martin Act *(East End Owners Corp. v Roc-East End Assocs., supra,* at 369-370, quoting from *CPC Intl. v McKesson Corp.,* 120 AD2d 221, 231, *mod on other grounds* 70 NY2d 268, *supra).* Notwithstanding this finding, the court went on to say: "As to respondent cooperative corporation, however, we do find legislative authorization for it to maintain an action for this particular violation of the Martin Act. A provision of the Condominium Act enacted after section 352-e of the Martin Act authorizes a condominium's board of managers to bring suit on behalf of two or more unit owners 'with respect to any cause of action relating to the common elements or more than one unit' (Real Property Law § 339-dd). Thus, a condominium's board of managers which, in all relevant respects, serves the same function as a cooperative's board of directors, could maintain this action for violation of section 352-e. We agree that, inasmuch as section 352-e applies to both cooperative and condominium conversions, there is no reason to deny

owners of cooperative units the protection afforded owners of condominium units in this regard *(Scarsdale Manor Owners v Wolloch,* 106 AD2d 439 [2d Dept 1984], *appeal dismissed* 65 NY2d 811 [1985])" *(East End Owners Corp. v Roc-East End Assocs., supra,* at 370).

A close review of the unambiguous language of Real Property Law § 339-dd discloses that this statutory provision does not create a private cause of action where none previously existed under the Martin Act. Section 339-dd provides that: "Actions may be brought or proceedings instituted by the board of managers in its discretion, on behalf of two or more of the unit owners, as their respective interests may appear, with respect to any cause of action relating to the common elements or more than one unit. Service of process on the unit owners in any action relating to the common elements or more than one unit may be made on the person designated in the declaration to receive service of process". This section empowers a board of managers of a condominium to maintain an action on behalf of the condominium owners with respect to common areas or more than one unit. Clearly, section 339-dd merely confers standing on a condominium's board of managers to maintain an action that is recognized at common law or was created by statute. This provision does not create any new cause of action. In short, it gives *standing,* not a cause of action. Since no private cause of action to recover damages based on violations of General Business Law article 23-A was expressly or impliedly created, Real Property Law § 339-dd cannot be construed to give the condominium's board of managers standing to bring an action which does not currently exist. Although we do not doubt the efficacy which such a cause of action would give to the purpose of the Martin Act, "to prevent all kinds of fraud in connection with the sale of securities and commodities and to defeat all related schemes whereby the public is exploited" *(People v Lexington Sixty-First Assocs.,* 38 NY2d 588, 595; *see also, Scarsdale Manor Owners v Wolloch,* 106 AD2d 439, *supra),* the Court of Appeals has already sounded the plea to the Legislature for an amendment to the act to permit a private cause of action. It is, therefore, not appropriate for this court to attempt to fashion a right where the Court of Appeals has held that none exists.

Accordingly, we hold that the board of managers of a condominium does not have a private cause of action against the sponsor to recover damages for violations of the Martin

Act and specifically General Business Law § 352-e.* Therefore, those branches of the appellants' respective motions which were to dismiss the first and second causes of action alleged in the complaint which seek damages predicated upon violations of the Martin Act, insofar as those causes of action are asserted against the appellants, should have been granted.

■ The propriety of the court's rulings regarding those branches of the appellants' respective motions which were to dismiss the remaining causes of action pleaded in the complaint insofar as asserted against them warrants a brief discussion. With the exception of the eighth cause of action seeking damages for breach of a fiduciary duty, Falkner is sued in his capacity as a corporate officer. As a disclosed corporate agent, Falkner cannot be held personally liable for the acts of his corporations, unless he has participated or personally profited in the wrong *(Prudential-Bache Metal Co. v Binder,* 121 AD2d 923; *Ackerman v Vertical Club Corp.,* 94 AD2d 665; *Buckley v 112 Cent. Park S.,* 285 App Div 331, 334). Neither the complaint nor the affidavit in opposition to Falkner's motion alleges that Falkner participated or profited personally from the acts of fraud, misrepresentation, negligence and breach of contract pleaded in the complaint's other causes of action. However, the eighth cause of action alleges that Falkner and two other individual defendants, comprising the condominium's first board of managers, breached their fiduciary duty to the condominium. Sufficient issues of fact have been raised to preclude dismissal of this cause of action. Accordingly, all the causes of action asserted against Falkner, with the exception of the eighth cause of action, should have been dismissed.

■ We agree with the court's denial of the remaining branches of the bank's motion on the ground that issues of fact are raised with respect to the amount of control the bank exercised in the business of the sponsor. Although, as a general rule, a limited partner is not a proper party to proceedings by or against a partnership (Partnership Law § 115; *Matter of Goldman, Sachs & Co. v Michael,* 113 AD2d 326), such an immunity may be waived where, in addition to exercising rights and powers as limited partner, it takes part

---

* To the extent that this court's decision in *Scarsdale Manor Owners v Wolloch* (106 AD2d 439) can be construed as support for the proposition that a board of managers of a condominium may bring an action against the sponsor to recover damages for violations of the Martin Act, it is hereby overruled.

in the control of the business (Partnership Law § 96; *Millard v Newmark & Co.*, 24 AD2d 333). The issue of the extent of a limited partner's participation in the control of the business is an issue of fact requiring a trial *(see, Micheli Contr. Corp. v Fairwood Assocs.*, 68 AD2d 460, 465).

Accordingly, the order appealed from is modified, on the law, by deleting the provision thereof which denied that branch of the motion of the defendant Union Savings Bank which was to dismiss the first and second causes of action of the complaint insofar as asserted against it for failure to state a cause of action, and substituting therefor a provision granting that branch of the motion, and by deleting the provision thereof which denied those branches of the motion of the defendant Charles Falkner which were to dismiss the first, second, third, fourth, fifth, sixth, seventh, ninth, tenth, eleventh, twelfth and thirteenth causes of action insofar as asserted against him for failure to state a cause of action, and substituting therefor a provision granting those branches of his motion, and as so modified, the order is affirmed insofar as appealed from, with costs to the appellants.

BROWN, J. P., KUNZEMAN and SPATT, JJ., concur.

Ordered that the order appealed from is modified, on the law, by deleting the provision thereof which denied that branch of the motion of the defendant Union Savings Bank which was to dismiss the first and second causes of action of the complaint insofar as asserted against it for failure to state a cause of action, and substituting therefor a provision granting that branch of the motion, and by deleting the provision thereof which denied those branches of the motion of the defendant Charles Falkner which were to dismiss the first, second, third, fourth, fifth, sixth, seventh, ninth, tenth, eleventh, twelfth and thirteenth causes of action insofar as asserted against him for failure to state a cause of action, and substituting therefor a provision granting those branches of his motion; as so modified, the order is affirmed insofar as appealed from, with costs to the appellants.