■ GARY RONDEAU et al., Respondents-Appellants, v ALAN WOOD et al., Appellants-Respondents, and CITIZENS SAVINGS BANK, Respondent.—Yesawich, Jr., J. Cross appeals from an amended order and judgment of the Supreme Court (Ellison, J.), entered May 24, 1988 in Tompkins County, which, *inter alia,* partially denied the cross motion by various defendants for summary judgment on certain counterclaims.

Defendant Inlet Valley Land Cooperative, Inc. (hereinafter Inlet Valley) is a small land cooperative located in the Town of Ithaca, Tompkins County. Five years after its formation, a dispute regarding one of the leaseholds arose among cooperative members. During the ensuing controversy, the shareholders of Inlet Valley discovered that plaintiff Jerold Weisburd (hereinafter Weisburd), the sponsor and promoter of the cooperative, neglected to file an offering plan, in contravention of General Business Law § 352-e (1) (a), and that inadvertence rendered their leasehold interests unmortgageable and unmarketable.

In August 1986, after several members of the cooperative, the individual defendants herein (hereinafter defendants), complained to the Attorney-General's office, Weisburd applied for and received a "no-action" letter from the Attorney-General's office. The letter stated that no enforcement action would be taken against Weisburd because of his failure to file or register the cooperative transaction provided he undertook steps necessary to convert the cooperative into a homeowners association. During a meeting in December 1985, however, defendants had terminated plaintiffs' (Weisburd's and other individual owners') interests in Inlet Valley due to nonpayment of delinquent mortgage and maintenance charges. As a consequence, plaintiffs were not permitted to vote their corporate shares, and their shares and proprietary leases were repossessed. Weisburd, who apparently had prepared the appropriate documents to effectuate a conversion to a homeowners association, was unable to comply further with the "no-action" letter because he no longer possessed voting rights in the cooperative.

Plaintiffs brought the instant action to have their rights restored. In March 1988, while in the midst of this litigation, defendants voted to convert the ownership of Inlet Valley properties to a homeowners association with individually owned rental lots, and to that end unilaterally transferred all

of the cooperative's real property to Inlet Valley Homeowners Association, Inc. While defendants received deeds to their property, the lots theretofore leased by plaintiffs were conveyed in fee to the new association. Plaintiffs immediately moved for injunctive and other relief, and defendants counterclaimed for, *inter alia,* violations of the Martin Act. Supreme Court granted plaintiffs' motion for summary judgment, but denied their request made pursuant to CPLR 8303 (a) for costs and counsel fees, and dismissed those of defendants' counterclaims predicated on Weisburd's failure to file an offering plan and to comply with the "no-action" letter on the ground that the Martin Act does not afford an implied private right of action. These cross appeals ensued; we affirm.

The Court of Appeals determined that no private cause of action exists under the Martin Act for fraudulent conduct, that such an action would be inconsistent with the legislative scheme underlying the act *(CPC Intl. v McKesson Corp.,* 70 NY2d 268, 276-277; *Loengard v Santa Fe Indus.,* 70 NY2d 262, 266; *Green v Santa Fe Indus.,* 70 NY2d 244, 256). And, as recently observed in *Board of Managers v Fairways at N. Hills* (150 AD2d 32), the Second Department's conclusion was not, as defendants would have it, restricted merely to fraudulent securities practices under General Business Law § 352-c, but extends to the entire Martin Act (General Business Law art 23-A), of which General Business Law § 352-e, whose provisions Weisburd violated, is a part. Accordingly, neither defendants, the tenant shareholders herein, nor the cooperative itself may assert a cause of action for violation of General Business Law § 352-e *(see, Board of Managers v Fairways at N. Hills, supra).* Dismissal of their counterclaims for failure to state a cause of action was therefore entirely appropriate.

As for plaintiffs' cross appeal, it suffices that plaintiffs have not indicated why Supreme Court's denial of their motion for counsel fees and costs pursuant to CPLR 8303 (a) was error. In this regard, it is also worth noting that plaintiffs have not pursued this issue in their brief *(see, Lamphear v State of New York,* 91 AD2d 791).

Defendants' other claims have no basis in the record.

Amended order and judgment affirmed, without costs. Kane, J. P., Mikoll, Yesawich, Jr., Mercure and Harvey, JJ., concur.