■ HARRIS BAY YACHT CLUB, INC., Respondent-Appellant, v ROBERT HARRIS, Appellant-Respondent. [647 NYS2d 293] —Spain, J. Cross appeals from a judgment of the Supreme Court (Conway, J.H.O.), entered February 27, 1995 in Albany County, upon a decision of the court in favor of plaintiff.

In July 1985 defendant purchased a membership in plaintiff's yacht club allowing him use of a specific docking slip during the boating season on Lake George. In addition to the purchase price of the membership, defendant obligated himself to pay quarterly maintenance assessments and special assessments for capital improvements. Defendant thereafter defaulted upon his quarterly payments and plaintiff accelerated the balance due. Defendant then commenced an action to determine the validity of a lien on personal property and, in October 1990, Supreme Court (Hughes, J.) ordered redemption of defendant's membership to the yacht club conditioned upon defendant's payment of $16,763 to plaintiff. The court further ordered that

plaintiff "need not move, work on, or launch [defendant's] boat * * * until the vessel is certified as moveable and sea worthy by Glendale Services". The litigious relationship of the parties continued when, in July 1990, defendant commenced an action in Albany City Court against plaintiff, Brian O'Donnell (plaintiff's attorney) and John Brock (doing business as Mooring Post Marina), who sold defendant his boat. In December 1993, City Court (Stahl, J.) dismissed the causes of action against plaintiff and its attorney, noting that those issues were previously litigated in Supreme Court. The cause of action against Brock, alleging a breach of warranty in his sale of the boat, was sustained.

In the instant action, commenced in March 1994, plaintiff alleged in an amended complaint that defendant failed to pay quarterly maintenance assessments, special assessments for capital improvements, and commissions and late charges on these assessments from mid-1991 through the beginning of 1994. Furthermore, plaintiff alleged that defendant failed to pay boat storage fees for the same three years and that said assessments and storage fees continue to accrue, and sought payment of such fees through the time of judgment together with counsel fees. Defendant submitted an amended answer which included a general denial and, as a first affirmative defense and counterclaim, asserted that the previous order of Supreme Court (Hughes, J.) authorized him to leave the boat in plaintiff's storage facility and, therefore, storage charges have been wrongfully assessed. Defendant also asserted that plaintiff had failed to specify which items on the boat were in need of repair, thereby denying him the use and enjoyment of his boat. In a second affirmative defense and counterclaim, defendant asserted that plaintiff wrongly converted a rent payment sent to it by Jo Ann Coughtry, who rented defendant's docking slip in 1992.

Thereafter, plaintiff moved for summary judgment together with an award imposing sanctions; in July 1994, Supreme Court (Harris, J.) denied the motion. After further motion practice, and on the eve of trial, Supreme Court (Conway, J.H.O.) granted plaintiff's motion to dismiss defendant's first affirmative defense and counterclaim. In response, defendant preserved his right to appeal the dismissal and then stipulated to the withdrawal of the remainder of his answer, excepting the issue of counsel fees. Judgment was then granted to plaintiff in the sum of $11,851.13 and Supreme Court reserved decision on the issue of counsel fees. Subsequently, plaintiff submitted affidavits in support of its request for $12,065.16 in

counsel fees; defendant did not file any opposition papers. Supreme Court determined that plaintiff was entitled to $3,555 in counsel fees in addition to the amount of the judgment and thereafter issued a judgment reflecting its decision. Defendant appeals the dismissal of his first affirmative defense and counterclaim and plaintiff cross-appeals insofar as the judgment awarded only $3,555 in counsel fees.

Our review will be limited to Supreme Court's dismissal of defendant's first affirmative defense and counterclaim and the amount of the award of counsel fees. Initially, defendant's affirmative defense appears to contend that because the October 1990 order of Supreme Court (Hughes, J.) provided that plaintiff need not launch the boat until it was certified by a specific inspector and since that particular inspector is no longer available, defendant had to leave his boat where it was and should not have been required to pay storage charges for following a court order. However, in May 1995, in response to further litigation of the 1990 action, Supreme Court (Hughes, J.) ruled that another inspector should be named to inspect defendant's boat so as to determine its seaworthiness, but otherwise stated that his interpretation of the prior decision which gives "[defendant] the right to have a second vessel launched at the yacht club and docked at his slip while entitling him to free storage * * * is rejected". Upon our review of the 1990 order we concur in Supreme Court's interpretation and conclude that the dismissal of defendant's affirmative defense in the instant action was proper and that plaintiff fairly assessed storage fees upon defendant.

Next, defendant's assertion that he was improperly charged summer and winter storage fees also lacks merit. The record reveals that during the hearing in which it was determined that the affirmative defense would be dismissed, defendant conceded that if the defense which was dismissed lacks merit, then the storage fees and late charges had "properly accrued under the rules and regulations". Since defendant's affirmative defense has been found to be lacking in merit, the storage fees and late charges, by defendant's own concession, were properly assessed. Furthermore, while defendant may have preserved the dismissal of the counterclaim dealing with Supreme Court's October 1990 order, he specifically stated that "[w]ith that defense being stricken at this point * * * I see no further defense I would have to the storage charges or to the late fees that have been imposed". Moreover, defendant's arguments on appeal contending that plaintiff's bylaws prohibit storage charges have been waived both by his concession on the record

that the storage charges are proper and by explicitly waiving that defense and all others before Supreme Court. Having not raised such a contention at the hearing before Supreme Court, we find that defendant has waived such an argument (*see, Paul v Paul*, 200 AD2d 820, 821, *lv dismissed* 83 NY2d 953; *Matter of Puff v Jorling*, 188 AD2d 977, 981).

Finally, the bylaws of plaintiff clearly provide that "[i]n the event of a judgment in favor of [plaintiff], the judgment shall provide for the payment of * * * attorney's fees". Therefore, we need only address the amount of the award of counsel fees. It is axiomatic that a trial court is in the best position to determine those factors integral to fixing counsel fees (*see, Lefkowitz v Van Ess*, 166 AD2d 556; *Shrauger v Shrauger*, 146 AD2d 955, 956, *appeal dismissed* 74 NY2d 844) and, absent an abuse of discretion, the trial court's determination will not be disturbed (*see, DeCabrera v Cabrera-Rosete*, 70 NY2d 879, 881; *Matter of Aronesty v Aronesty*, 202 AD2d 240). Here, plaintiff requested counsel fees in the amount of $12,065.16; however, plaintiff has failed to indicate how Supreme Court erred in its calculation or determination of the counsel fees awarded (*see, Rondeau v Wood*, 155 AD2d 751, 752). Accordingly, we will not disturb the amount set by Supreme Court.

We have reviewed the parties' remaining contentions, including plaintiff's request for sanctions, and find them to be without merit.

Cardona, P. J., Mikoll, Mercure and White, JJ., concur. Ordered that the judgment is affirmed, without costs.