■ In the Matter of THOMAS CONNOLLY et al., Petitioners, v WANDA CHENOT et al., Respondents. PAUL M. WHITAKER, Respondent; COUNTY OF RENSSELAER, Appellant. [741 NYS2d 137] —Peters, J. Appeal from an order of the Supreme Court (Canfield, J.), entered October 5, 2000 in Rensselaer County, which granted respondent Thomas Wade's motion for an order directing Rensselaer County to pay counsel fees incurred in defending this proceeding.

The underlying proceeding, which sought to invalidate various Rensselaer County Independence Party designating petitions, named, among others, the two Commissioners who constitute the Rensselaer County Board of Elections, respondent Thomas Wade and respondent Larry Bugbee. Wade moved to have a private attorney represent him and for an order directing Rensselaer County to pay all of his private counsel fees incurred in defending this proceeding. The County opposed the motion by contending that, with a procedural infirmity underlying the request and no bar to the representation that could be provided by the County Attorney, there was no basis upon which Wade was entitled to the relief he sought. Supreme Court granted the relief sought and ordered the County to pay $7,200 in counsel fees, plus expenses. The County appeals and we affirm.

Pursuant to Local Law No. 5 (1983) of the County of Rensselaer § 3 (a), "the County shall provide for the defense of [an] employee in any civil action or proceeding * * * arising out of any alleged act or omission which * * * allegedly occurred while the employee was acting within the scope of his public employment or duties." The County will pay for private counsel "whenever a court * * * determines that a conflict of interest exists" (Local Law No. 5 (1983) of County of Rensselaer § 3 [b]). Wade, having been served on the morning of July 27, 2000 with an order to show cause in connection with the underlying proceeding, immediately met with attorney Paul M. Whitaker who advised him of the numerous procedural irregularities that he believed would be determinative. Wade, explaining

that he was leaving town for the coming week, asked Whitaker to promptly communicate with the County Attorney to request his appointment on behalf of Wade. By letter dated July 29, 2000, Whitaker fully outlined the reason that he was communicating instead of Wade and then detailed Wade's position in opposing the petition to the County Attorney. Therein, he further noted that Bugbee "seemed initially disinclined to oppose the proceeding." By letter dated August 1, 2000, the County Attorney acknowledged Whitaker's correspondence and denied his request for appointment by contending that Wade failed to follow requisite statutory procedures. Nonetheless, Whitaker immediately placed the County on notice that he was proceeding in his representation of Wade since the matter was returnable the following day and he would be seeking counsel fees from the County.

On the return date, the County Attorney did not appear on Wade's or Bugbee's behalf or on behalf of the Board of Elections. Wade successfully moved to dismiss the petition on the numerous procedural grounds he initially identified; a determination later affirmed by this Court (*Matter of Connolly v Chenot*, 275 AD2d 583). As noted by Supreme Court in later approving Whitaker's appointment, it was clear from the position taken by the County that a conflict of interest was extant. Since local law authorized the public payment of private counsel due to such conflict (*see, Matter of Williams v Rensselaer County Bd. of Elections*, 118 AD2d 966, *appeal dismissed* 68 NY2d 809), Supreme Court properly approved the appointment.

As to the award of counsel fees, it is well settled that "a trial court is in the best position to determine those factors integral to fixing counsel fees * * * and, absent an abuse of discretion, the trial court's determination will not be disturbed" (*Harris Bay Yacht Club v Harris*, 230 AD2d 931, 934 [citations omitted]; *see, Hinman v Jay's Vil. Chevrolet*, 239 AD2d 748). Here, Supreme Court properly analyzed all relevant factors (*see, Hinman v Jay's Vil. Chevrolet, supra* at 749), finding that counsel's submission was "sufficient to assess the time, effort and skill required to present his defense, as well as the difficulty of the questions presented." The County failed to demonstrate that Supreme Court abused its discretion or considered an inappropriate rate of compensation.

Cardona, P.J., Spain, Rose and Lahtinen, JJ., concur. Ordered that the order is affirmed, without costs.