*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  July 9, 2015                    520128
_____

In the Matter of RICHARD T.
    SAXTON et al.,
                    Appellants,

        v                                    MEMORANDUM AND ORDER

NEW YORK STATE DEPARTMENT OF
    TAXATION AND FINANCE et al.,
                    Respondents.
_____

Calendar Date:  May 29, 2015

Before:  McCarthy, J.P., Egan Jr., Devine and Clark, JJ.

_____

        Harris Beach, PLLC, Albany (Karl J. Sleight of counsel),
for appellants.

        Eric T. Schneiderman, Attorney General, Albany (Andrew D.
Bing of counsel), for respondents.

_____

Devine, J.

        Appeal from a judgment of the Supreme Court (McDonough,
J.), entered January 21, 2014 in Albany County, which, in a
proceeding pursuant to CPLR article 78, upon remittal, among
other things, partially denied petitioners' application for
counsel fees.

        The facts that gave rise to this proceeding have been well
documented in previous decisions by this Court (107 AD3d 1104,
1104-1105 [2013]; People v Saxton, 93 AD3d 1077, 1077-1079
[2012], lv denied 18 NY3d 998 [2012]; People v Saxton, 75 AD3d
755, 755-757 [2010], lv denied 15 NY3d 924 [2010]).  In
connection with criminal matters against petitioner Richard T.

Saxton, petitioner Kathleen M. Diina-Feldman filed a Freedom of Information Law (see Public Officers Law art 6 [hereinafter FOIL]) request for records in the possession of respondent Department of Taxation and Finance (hereinafter Department) (see People v Saxton, 93 AD3d at 1077-1078). This proceeding, as is pertinent here, was prompted by petitioners' belief that the Department had wrongfully withheld certain relevant records while denying the existence thereof (107 AD3d at 1104-1105). Supreme Court dismissed the petition insofar as it sought disclosure of additional records, relying upon a certification by the Department that all responsive records had been turned over.

While the appeal from that judgment was pending, the Department acknowledged that its prior certification had been in error, and it released a number of previously unidentified records. We accordingly remitted to Supreme Court "for reconsideration of whether, in light of the additional disclosures, petitioners [had] substantially prevailed and [we]re thus entitled to counsel fees" (id. at 1105). Upon remittal, petitioners requested nearly $135,000 in counsel fees. Supreme Court found that petitioners had substantially prevailed, but awarded only $25,000 in counsel fees. Petitioners now appeal, contending that Supreme Court abused its discretion in making the fee award.

Inasmuch as Supreme Court determined that petitioners had "substantially prevailed" in this proceeding, it was free to award "reasonable attorney's fees" to them (Public Officers Law § 89 [4] [c]). We have previously indicated that Supreme Court has discretion in the FOIL context to determine whether counsel fees should be awarded at all, but also in calculating the reasonable amount of any award (see generally Matter of Legal Aid Socy. v New York State Dept. of Corr. & Community Supervision, 105 AD3d 1120, 1122 [2013]; Matter of New York Civ. Liberties Union v City of Saratoga Springs, 87 AD3d 336, 340 [2011]; Matter of New York State Defenders Assn. v New York State Police, 87 AD3d 193, 197 [2011]).

Supreme Court found an award of counsel fees to be appropriate here and, because "a trial court is in the best position to determine those factors integral to fixing counsel

fees," we will not disturb such an award absent an abuse of discretion (Harris Bay Yacht Club v Harris, 230 AD2d 931, 934 [1996]; accord Matter of Connolly v Chenot, 293 AD2d 854, 855 [2002]).  We cannot assess whether the award of counsel fees in this case represented an abuse of discretion, however, because the record does not allow us to assess whether Supreme Court "analyzed all relevant factors" in making it (Matter of Connolly v Chenot, 293 AD2d at 855).  While Supreme Court cited numerous factors that may be used in making a fee award, it gave no explanation as to how those factors led to the award itself.  The failure to do so is particularly problematic given the vehement disagreement between the parties as to the appropriate amount of the award, stemming from disputes over issues as varied as the severity of the initial nondisclosure of documents, the propriety of the hourly rates charged by petitioners' attorneys, and whether some of the claimed work could even form the basis for a fee award.  "Accordingly, under the circumstances, it is necessary to remit the matter for a more detailed disposition including, if necessary, further proceedings as determined by" Supreme Court (Matter of Rose BB., 16 AD3d 801, 803 [2005]).

McCarthy, J.P., Egan Jr. and Clark, JJ., concur.


ORDERED that the judgment is modified, on the law, without costs, by reversing so much thereof as awarded counsel fees to petitioners; matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.


ENTER:

Robert D. Mayberger
Clerk of the Court