Matter of Competitive Enter. Inst. v Attorney Gen. of N.Y. (2018 NY Slip Op 03200)





Matter of Competitive Enter. Inst. v Attorney Gen. of N.Y.


2018 NY Slip Op 03200


Decided on May 3, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 3, 2018

525579

[*1]In the Matter of COMPETITIVE ENTERPRISE INSTITUTE, Respondent,
v
ATTORNEY GENERAL OF NEW YORK, Appellant.

Calendar Date: March 27, 2018

Before: Egan Jr., J.P., Lynch, Devine, Clark and Mulvey, JJ.


Eric T. Schneiderman, Attorney General, Albany (Jeffrey W. Lang of counsel), for appellant.
Anna St. John, Competitive Enterprise Institute, Washington, D.C., and Baker & Hostetler LLP, New York City (Mark I. Bailen of counsel), for respondent.


Lynch, J.

MEMORANDUM AND ORDER
Appeal from a judgment of the Supreme Court (Zwack, J.), entered April 27, 2017 in Albany County, which, in a proceeding pursuant to CPLR article 78, awarded petitioner costs and counsel fees.
In May 2016, petitioner made a request to respondent pursuant to the Freedom of Information Law (see Public Officers Law art 6 [hereinafter FOIL]) for copies "of any Common Interest Agreement(s) entered into by [respondent] and which are signed by, mention or otherwise include [three specified individuals, four specified entities,] or the attorney general for any other U.S. state or territory . . . dated over the approximately four-
month period from January 1, 2016 through the date [respondent] process[ed] the request." In June 2016, respondent denied the request, contending that the "records responsive" were exempt under four statutory categories, including as attorney work product (see Public Officers Law § 87 [2] [a]; CPLR 3101 [c]) and where disclosure would interfere with law enforcement investigations or judicial proceedings (see Public Officers Law § 87 [2] [e] [i]). On administrative appeal, respondent's records appeals officer again denied the request, explaining that "the" common interest agreement entered into with various other Attorneys General was exempt as attorney work product and for law enforcement purposes. The response further clarified that there were no other such agreements "signed" by the other individuals and entities listed in the request. Petitioner then commenced this CPLR article 78 proceeding, seeking an order directing respondent to comply with the FOIL request and an award of counsel fees and [*2]costs.
Upon its motion to dismiss the petition, respondent submitted the affidavit of its records access officer, Michael Jerry, who explained that the search produced only one responsive document styled a "Climate Change Coalition Common Interest Agreement" (hereinafter the Common Interest Agreement) among various Attorneys General. Jerry further averred that no documents were found relative to the individuals and entities listed in the request. Acknowledging that the Common Interest Agreement had been publicly released by another party to the agreement, Jerry attached a copy to his affidavit and asserted that the proceeding was moot. Supreme Court effectively denied the motion, and referred the matter back to respondent for further explanation and permitted petitioner to apply for counsel fees and costs. After further review, Jerry submitted a supplemental response confirming that the only responsive document was the document that had already been provided. Thereafter, Supreme Court ordered respondent to pay counsel fees in the amount of $20,377.50, together with costs. Respondent now appeals, challenging the monetary award.
A court may award counsel fees and costs to a litigant who has "substantially prevailed" in a FOIL case where the court also determines that "the agency had no reasonable basis for denying access" to the records sought (Public Officers Law § 89 [4] [c] [i]; see Matter of Madeiros v New York State Educ. Dept., 30 NY3d 67, 78-79 [2017]. "A pertinent consideration in determining whether an agency had a reasonable basis for denying a FOIL request is whether the agency reasonably claimed the records were exempt from disclosure under Public Officers Law § 87 (2), although the denial may still have been reasonable even if the records are deemed not to be exempt" (Matter of New York State Defenders Assn. v New York State Police, 87 AD3d 193, 195 [2011] [citations omitted]).
We recognize that the FOIL statute creates a three-step process (see Public Officers Law § 89 [3], [4]; Matter of Abdur-Rashid v New York City Police Dept., ___ NY3d ___, ___, 2018 NY Slip Op 02206, *12 [2018, Wilson, J., concurring in part and dissenting in part]). An agency that initially denies a request is not required to specify a reason for the denial (see Public Officers Law § 89 [3] [a]). Upon the second step, the administrative appeal, the agency is required to "fully explain in writing . . . the reasons for further denial" (Public Officers Law § 89 [4] [a]). The third step is a CPLR article 78 proceeding, in which the agency "shall have the burden of proving that such record falls within the provisions of" a statutory exception (Public Officers Law § 89 [4] [b]; see Public Officers Law § 87 [2]). The discrepancy here is that the initial response referred to "records," plural, while the administrative appeal referred to "the" common interest agreement with various Attorneys General. What the latter decision did not do is specify that there was only a single document responsive to the entire request. In his affidavit, however, Jerry specified that "the search produced one document responsive to the [r]equest," and no documents as to the individuals and entities. We find that this response was sufficiently complete such that it was unnecessary for Supreme Court to have directed respondent to submit a supplemental response.
Respondent maintains that petitioner did not substantially prevail because it had already obtained a copy of the Common Interest Agreement before commencing this proceeding and that, in any event, the document was already in the public domain. Specifically, respondent maintains that a signator to the Common Interest Agreement had released a copy to the Energy & Environmental Institute, an entity that respondent maintains shared staff in common with petitioner. The Energy & Environmental Institute purportedly posted the document on its website. In reply, petitioner disputed the contention of shared staff, while acknowledging that a [*3]"single independent contractor" works for both entities. Petitioner did not expressly concede or deny that it had the document. We need not resolve this factual discrepancy, for even accepting that petitioner had possession of the Common Interest Agreement before commencing this proceeding, the FOIL request was broader than this single document. Only through Jerry's affidavit in this proceeding did respondent finally confirm that there were no other responsive documents involving respondent and the other named individuals and entities and then actually provide a copy of the document.
A petitioner "substantially prevail[s]" under Public Officers Law § 89 (4) (c) when it "receive[s] all the information that it requested and to which it is entitled in response to the underlying FOIL litigation" (Matter of New York State Defenders Assn. v New York State Police, 87 AD3d at 196). Having received a complete response and the actual document only after commencing the proceeding, we conclude that petitioner substantially prevailed, even if the document was available in the public domain, as there is no exception for public records per se (see Public Officers Law § 87 [2]; Matter of Markowitz v Serio, 11 NY3d 43, 49-50 [2008]).
As to whether respondent had a reasonable basis for denying petitioner's FOIL request, respondent only advances on appeal the argument that the document was exempt as attorney work product. We are not persuaded. The contention is that the Common Interest Agreement was prepared by respondent's counsel in anticipation of state investigations and legal actions involving climate change issues. CPLR 3101 (c) grants absolute immunity from disclosure to the "work product of an attorney." Relatedly, CPLR 3101 (d) (2) accords a conditional immunity to "materials . . . prepared in anticipation of litigation," commonly referred to as work product. Because of the absolute nature of the privilege, the attorney work product doctrine is "narrowly applied to materials prepared by an attorney, acting as an attorney, which contain his or her analysis and trial strategy" (NYAHSA Servs., Inc., Self-Ins. Trust v People Care Inc., 155 AD3d 1208, 2011 [2017] [brackets omitted]; see Forman v Henkin, 30 NY3d 656, 661-662 [2018]; Geffner v Mercy Med. Ctr., 125 AD3d 802, 802 [2015]; Siegel & Connors, NY Prac §§ 347-348 [6th ed 2018]). By comparison, the federal standard for attorney work product — which respondent points to as validating the reasonableness of its denial — is broader and "embraces documents prepared because of the prospect of litigation" (R.F.M.A.S., Inc. v So, 2008 WL 465113, *1, 2008 US Dist Lexis 14969, *2 [SD NY, Feb. 15, 2008, No. 06 Civ 13114 (VM) (MHD)]; see Schaeffler v United States, 806 F3d 34, 43 [2d Cir 2015]).
In her decision, respondent's records appeals officer commented that the "agreement reflects the legal theories under which such actions are likely to proceed, and disclosure would reveal those strategies." Our review of the Common Interest Agreement reveals no such legal analysis. To the contrary, the document lists categories of environmental concern for which the signatories agreed to share information pertinent to any ensuing investigation or litigation. The document is very specific about preserving the confidentiality of any such shared information but not the existence of the agreement itself. Significantly, the record includes a press release issued by respondent in March 2016 announcing the coalition of Attorneys General formed to work together on "key climate change-related initiatives" — the very stuff of the Common Interest Agreement. Given this public announcement and the language of the Common Interest Agreement, we agree with Supreme Court that respondent did not establish a reasonable basis for denying this FOIL request.
Where, as here, "the statutory prerequisites are satisfied, the decision whether to award counsel fees rests in the discretion of the court and will not be overturned in the absence of an abuse of such discretion" (Matter of New York Civ. Liberties Union v City of Saratoga Springs, 87 AD3d 336, 338 [2011]). That discretion includes "calculating the reasonable amount of any [*4]award" (Matter of Saxton v New York State Dept. of Taxation & Fin., 130 AD3d 1224, 1225-1226 [2015]). Respondent maintains that Supreme Court abused its discretion by not capping the hourly rate for attorney services at $250. Respondent takes no issue as to the hours expended. Declining to award fees for services provided by non-attorneys due to a lack of supporting documentation as to their experience, Supreme Court awarded fees at a rate of $300 per hour for in-house counsel, and at a rate of $450 and $350 per hour for outside counsel. In doing so, the court commented that respondent had "stonewalled" and that to encourage respondent "to make a good faith effort in complying with FOIL," the court declined to reduce the requested rates. As explained above, we do not agree with the court's assessment that respondent "stonewalled" petitioner during the three-step FOIL process. We therefore conclude the counsel fee award should be reduced to $16,312.50, a sum acknowledged by respondent as reasonable.
Egan Jr., J.P., Devine, Clark and Mulvey, JJ., concur.
ORDERED that the judgment is modified, on the law, without costs, by reducing the counsel fee award to $16,312.50, and, as so modified, affirmed.