Matter of 101CO, LLC v New York State Dept. of Envtl. Conservation (2020 NY Slip Op 07969)





Matter of 101CO, LLC v New York State Dept. of Envtl. Conservation


2020 NY Slip Op 07969


Decided on December 24, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 24, 2020

531112

[*1]In the Matter of 101CO, LLC, et al., Appellants,
v
New York State Department of Environmental Conservation, Respondent, et al., Respondents.

Calendar Date: November 18, 2020

Before: Lynch, J.P., Clark, Mulvey and Colangelo, JJ.


Tooher & Barone, LLP, Albany (Meave M. Tooher of counsel), for appellants.
Letitia James, Attorney General, Albany (Frederick A. Brodie of counsel), for New York State Department of Environmental Conservation, respondent.



Mulvey, J.
Appeal from an order of the Supreme Court (Ferreira, J.), entered February 3, 2020 in Albany County, which, in a combined proceeding pursuant to CPLR article 78 and action pursuant to ECL 71-1311 (2), partially denied petitioners' request for an award of counsel fees and litigation costs.
The underlying facts are set forth more fully in our prior decision in this matter (169 AD3d 1307 [2019], lv dismissed 34 NY3d 1010 [2019]). Briefly, petitioners commenced this combined CPLR article 78 proceeding and action pursuant to ECL 71-1311 (2) seeking a variety of relief, including review of the partial denial of a Freedom of Information Law (see Public Officers Law art 6 [hereinafter FOIL]) request that they submitted to respondent Department of Environmental Conservation (hereinafter DEC). Respondents moved to dismiss the petition/complaint on various grounds and Supreme Court, among other things, dismissed petitioners' FOIL claim as moot given that DEC had turned over most responsive documents and articulated grounds for withholding the rest. Supreme Court did not view petitioners as having substantially prevailed under those circumstances and, as a result, declined to assess an award of reasonable counsel fees and costs against DEC (see Public Officers Law § 89 [4] [c]). This Court disagreed upon petitioners' appeal, concluding that petitioners had "substantially prevailed [on the FOIL claim] because they received the precise information that they were seeking in their FOIL [administrative] appeal" (169 AD3d at 1312). We accordingly remitted so that Supreme Court could "determine the reasonable amount" of counsel fees and costs to be awarded (id. at 1313).
Upon remittal, petitioners submitted a counsel fee affirmation to Supreme Court seeking an award of counsel fees and costs arising from the FOIL request and administrative appeal, the proceedings before Supreme Court, the appeal to this Court and the submissions on remittal. Supreme Court ultimately made an award that omitted counsel fees and costs arising from the appeal to this Court, finding that such would be inappropriate given that DEC had turned over responsive documents before that appeal and that, in any event, the papers were inadequate to permit an assessment of whether the claimed fees and costs were reasonable. Petitioners appeal.
Having already determined that petitioners are entitled to an award of counsel fees and litigation costs (169 AD3d at 1313), we must now decide whether Supreme Court providently exercised its discretion "in calculating the reasonable amount of [that] award" (Matter of Saxton v New York State Dept. of Taxation & Fin., 130 AD3d 1224, 1225 [2015]; see Imrie v Ratto, 187 AD3d 1344, 1351-1352 [2020]; Matter of Cobado v Benziger, 163 AD3d 1103, 1107 [2018]). There is no dispute that petitioners' prior appeal to this Court formed part of their "case under the provisions of" Public Officers Law § 89 (Public Officers Law § 89 [4] [c] [i]; see Black's Law Dictionary [11th ed 2019], case [broadly defining term as any "civil or criminal proceeding, action, suit, or controversy at law or in equity"]), and the expenses incurred to successfully prosecute it could therefore be included in the award of reasonable counsel fees and costs (see e.g. Matter of Rourke v New York State Dept. of Correctional Servs., 245 AD2d 870, 872 [1997]; Matter of Quill v Cathedral Corp., 241 AD2d 593, 595 [1997], lv denied 90 NY2d 812 [1997]; Podhorecki v Lauer's Furniture Stores, 201 AD2d 947, 947 [1994]). Petitioners argue that Supreme Court abused its discretion by refusing to include any of those expenses in its award, and we agree.
Supreme Court suggested that it would be "unduly punitive" to include appellate counsel fees and costs in its award given that DEC had already disclosed all responsive, nonprivileged documents to petitioners. The goal of an award of counsel fees and costs under Public Officers Law § 89 (4) (c), however, is to deter "unreasonable delays and denials of access and thereby encourage every unit of government to make a good faith effort to comply with the requirements of FOIL" (Matter of New York Civ. Liberties Union v City of Saratoga Springs, 87 AD3d 336, 338 [2011] [internal quotation marks, brackets and citations omitted]; see Matter of Cobado v Benziger, 163 AD3d at 1107). As we detailed in our prior decision (169 AD3d at 1311-1312), DEC failed to respond to petitioners' FOIL administrative appeal in a timely manner and disclosed responsive documents after petitioners advanced a FOIL claim in this action/proceeding, and DEC then resisted petitioners' efforts to recover counsel fees and costs incurred as a result of its dilatory conduct. In our view, those facts demonstrate that the portion of the prior appeal relating to petitioners' FOIL claim stemmed from "the very kinds of unreasonable delays and denials of access which the counsel fee provision seeks to deter," and Supreme Court accordingly abused its discretion in declining to include the counsel fees and costs connected thereto in its award (Matter of Legal Aid Socy. v New York State Dept. of Corr. & Community Supervision, 105 AD3d 1120, 1122 [2013] [internal quotation marks and citations omitted]).[FN1]
Finally, although we agree with Supreme Court that the attorney's affirmation and invoices submitted by petitioners are too imprecise to reveal the portion of counsel fees and litigation costs attributable to their FOIL claim on the prior appeal, the remedy for that inadequacy was not a refusal to award those fees and costs, but rather an evidentiary hearing to determine what they were (see Lehman Commercial Paper, Inc. v Point Prop. Co., LLC, 146 AD3d 1192, 1195-1196 [2017]; Kumble v Windsor Plaza Co., 128 AD2d 425, 426 [1987], lv dismissed 70 NY2d 693 [1987]). We therefore remit for Supreme Court to conduct that hearing and thereafter render a "determination setting forth an analysis of the appropriate factors and reasons for [its] award" (Imrie v Ratto, 187 AD3d at 1352; see Matter of Saxton v New York State Dept. of Taxation & Fin., 130 AD3d at 1226).
Lynch, J.P., Clark and Colangelo, JJ., concur.
ORDERED that the order is modified, on the law, without costs, by reversing so much thereof as denied petitioners' request for costs and fees connected to the prior appeal; matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.



Footnotes

Footnote 1: For the same reason, on remittal petitioners may request the reasonable fees incurred on this second appeal and, if supported, Supreme Court should award them.