Matter of O'Malley v Town of Vestal Police Dept. (2024 NY Slip Op 01967)

Matter of O'Malley v Town of Vestal Police Dept.

2024 NY Slip Op 01967

Decided on April 11, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:April 11, 2024

CV-23-1044
[*1]In the Matter of Erin O'Malley, Appellant,
v
Town of Vestal Police Department et al., Respondents.

Calendar Date:February 20, 2024

Before:Garry, P.J., Egan Jr., Clark, Pritzker and Mackey, JJ.

Guercio & Guercio LLP, Farmingdale (Anthony J. Fasano of counsel) and Law Offices of Cory H. Morris, Central Islip (Cory H. Morris of counsel), for appellant.
Tabner, Ryan & Keniry, LLP, Albany (Andrew E. Clark of counsel), for respondents.

Mackey, J.
Appeal from a judgment of the Supreme Court (Joseph A. McBride, J.), entered June 7, 2023 in Broome County, which, in a proceeding pursuant to CPLR article 78, partially denied petitioner's application for counsel fees.
From February until August 2022, petitioner submitted Freedom of InformationLaw (see Public Officers Law art 6 [hereinafter FOIL]) requests to respondents seeking information related to an alleged trespassing incident and in July 2022 submitted two requests specifically seeking body-camera footage and subject matter lists. Respondents failed to respond in a timely manner to the last two of petitioner's requests, then denied her requests, stating that the "bodycam footage is unavailable for [her] review." Following respondents' denials, petitioner filed an administrative appeal, which respondents denied.
In August 2022, petitioner commenced this CPLR article 78 proceeding challenging respondents' denial of her FOIL requests and requesting costs and counsel fees. Respondents answered and opposed all forms of relief sought by petitioner, on the basis that the denial of her requests was proper. Following oral argument, in January 2023, Supreme Court ordered disclosure of the requested subject matter lists, but stated that, although respondents' response to the request for the bodycam footage was "unsatisfactory," the footage apparently could not be disclosed because it had been destroyed. In February 2023, petitioner filed a motion to reargue, or in the alternative to renew, arguing that respondents had disclosed during oral argument and in their opposition documents that the requested bodycam footage actually existed, but they had chosen not to make it available to the public. Petitioner again requested that the footage be disclosed. Thereafter, Supreme Court issued an amended order, granting the petition, again ordering the distribution of the subject matter lists, directing respondents to reconsider the newly revealed bodycam footage, and ordering respondents to pay reasonable counsel fees pursuant to Public Officers Law § 89 (4) (c).
In March 2023, petitioner's two sets of legal representatives submitted their respective affirmations for counsel fees, one requesting $24,370 and the other $9,000, based on 51.5 total hours of services provided. Respondents opposed petitioner's proposed fees and argued that counsel had neither demonstrated the reasonableness of the hours expended in prosecuting the proceeding, nor the reasonableness of the hourly rates. Supreme Court reviewed the proposed fees, deemed the reported hours and hourly rates "excessive," and awarded a flat fee of $5,000. Petitioner appeals.
Initially, we readily find, and it is not disputed, that petitioner substantially prevailed in the FOIL proceeding and is entitled to an award of reasonable counsel fees and costs under Public Officers Law § 89 (4) (c). Thus, we are tasked solely with deciding whether Supreme Court providently exercised its discretion "in calculating [*2]the reasonable amount of [that] award" (Matter of Saxton v New York State Dept. of Taxation & Fin., 130 AD3d 1224, 1225 [3d Dept 2015]; see Imrie v Ratto, 187 AD3d 1344, 1351-1352 [3d Dept 2020]; Matter of Cobado v Benziger, 163 AD3d 1103, 1107 [3d Dept 2018]). As a general rule, the reasonableness of counsel's hourly rate is determined by comparing the rate to that customarily charged for similar services by counsel with like experience and skill (see Gutierrez v Direct Mktg. Credit Servs., 267 AD2d 427, 428 [2d Dept 1999]; Getty Petroleum Corp. v G.M. Triple S. Corp., 187 AD2d 483, 483-484 [2d Dept 1992]; Matter of Rahmey v Blum, 95 AD2d 294 [2d Dept 1983]). Although an award of counsel fees is within the discretion of the court, such award must be based upon a showing of "the hours reasonably expended . . . and the prevailing hourly rate for similar legal work in the community" (Gutierrez v Direct Mktg. Credit Servs., 267 AD2d at 428). Factors that a trial court may take into account in determining the amount of a counsel fee award "include the time, effort and skill required; the difficulty of the questions presented; the responsibility involved; counsel's experience, ability and reputation; the fee customarily charged in the locality; and the contingency or certainty of compensation" (Hinman v Jay's Vil. Chevrolet, 239 AD2d 748, 749 [3d Dept 1997] [internal quotation marks and citation omitted]; accord Imrie v Ratto, 187 AD3d at 1351; see Matter of Lippes v State Univ. of N.Y. at Buffalo, 213 AD3d 1316, 1317 [4th Dept 2023]).
With this standard in mind, the difficulty we confront is that Supreme Court's decision does not set forth how it arrived at the fee it awarded. While Supreme Court cited numerous factors that may be used in making a fee award, it gave no explanation as to how those factors led to the award itself. We recognize that the trial court is generally better situated than we are to discern unnecessary expenditures of time, but without the aid of more specific comments, we are unable to tell from the record which expenditures of time the court viewed as unnecessary or excessive. Simply stated, we cannot defer to reasoning that we cannot meaningfully review. As such, we will undertake an independent assessment based on the record presented.
Petitioner submitted affirmations from both sets of her attorneys in support of her request for counsel fees, with one attorney requesting a fee of $24,370 and the other attorney requesting a fee of $9,000. The attorneys provided supportive documentation in the form of, among other things, their curriculum vitae, time logs and disbursement sheets. Petitioner's attorney, Anthony Fasano, billed at an hourly rate of $750 and submitted a total of 28 hours, for a total fee of $21,000. His law clerk billed at an hourly rate of $250, with a total of 10.3 billed hours, for a total of $2,575. Counsel asserted that he also incurred $795.07 in costs. Petitioner's other attorney, Cory Morris, also billed [*3]at an hourly rate of $750, with a total of 13.2 hours of attorney time. Both sets of representatives asserted that their hourly rates were reasonable under the circumstances, including consideration of the customary rates where their respective offices are located, the difficulty of the legal work required, and the fact that the matter was taken on a contingency basis.
Under the circumstances presented, we find that Supreme Court properly reduced the hourly rates submitted by petitioner to reflect the prevailing hourly rate for the work performed in the community — $235 per hour. We find that the record supports that rate for an attorney in Broome County. Our review of the record, however, leads us to conclude that the 51.5 hours expended as set forth in counsel's records were well within reason. Here, petitioner has prevailed — as Supreme Court found, respondents did not have a reasonable basis for denying access to the body-camera footage and subject matter lists. There is simply nothing in the record to support a finding that the hours claimed were excessive. Multiplying the hours spent by the hourly rate established by Supreme Court results in an additional fee of $7,102.50. Accordingly, we award petitioner the total sum of $12,102.50 for counsel fees. Finally, as there is no dispute as to the amount of costs incurred, we add $795.07 in costs to the total award (see Matter of 101CO, LLC v New York State Dept. of Envtl. Conservation, 189 AD3d 1948, 1950 [3d Dept 2020]).
Garry, P.J., Egan Jr., Clark and Pritzker, JJ., concur.
ORDERED that the judgment is modified, on the facts and the law, with costs, by increasing the counsel fee award to $12,102.50 and awarding costs in the amount $795.07 and, as so modified, affirmed.