■ JUDITH POTTER, Respondent, v BLUE SHIELD OF NORTHEASTERN NEW YORK, a Division of BLUE SHIELD OF WESTERN NEW YORK, INC., Appellant. [629 NYS2d 93] —Cardona, P. J. Appeal from an order of the Supreme Court (Canfield, J.), entered June 15, 1994 in Albany County, which denied defendant's motion for partial summary judgment dismissing the third cause of action of the amended complaint.

In February 1990, plaintiff commenced employment with Asterino & Associates, Inc. and, on March 1, 1990, enrolled in her employer's group health plan provided by defendant. Beginning in the summer of 1990, plaintiff underwent treatment, including surgery, to alleviate pain from varicose veins. In November 1990, upon review of plaintiff's claims for medical services, defendant concluded that plaintiff's condition was preexisting and, therefore, not covered under the terms of defendant's group health insurance plan.

Plaintiff commenced this breach of contract action seeking to recover $4,117.80 in medical costs. Plaintiff also sought to recover damages in the amount of $100,000, stemming from her claim that she suffered mental anguish, embarrassment, emotional stress and injury to her credit as a result of defendant's breach of its contract.

Defendant answered and, in a counterclaim, sought reimbursement of $2,285 in medical insurance benefits which it claimed to have improperly paid in relation to plaintiff's medical condition. Defendant moved for summary judgment seeking dismissal of the third cause of action of plaintiff's amended complaint, which alleged the extracontractual damages, for failure to state a cause of action. Supreme Court denied the motion. Defendant appeals.

Defendant contends that plaintiff's extracontractual claims are foreclosed by the Federal Employee Retirement Income Security Act of 1974 (*see*, 29 USC § 1001 *et seq.*) (hereinafter ERISA). We agree. The United States Supreme Court has stated that "ERISA comprehensively regulates, among other things, employee welfare benefit plans that, 'through the purchase of insurance or otherwise,' provide medical, surgical, or hospital care, or benefits in the event of sickness, accident, disability, or death" (*Pilot Life Ins. Co. v Dedeaux*, 481 US 41, 44, quoting 29 USC § 1002 [1]). A State law cause of action which seeks a remedy for the violation of rights expressly guaranteed by ERISA is subject to preemption under the statute's broad preemption provision (*see*, 29 USC § 1144 [a]; *Matter of Morgan Guar. Trust Co. v Tax Appeals Tribunal*, 80 NY2d 44, 48).

Under ERISA, when plan participants or beneficiaries, like plaintiff, assert the improper processing of a claim for benefits, they are specifically empowered to bring a civil action "to recover benefits due [them] under the terms of [their] plan, to enforce [their] rights under the terms of the plan, or to clarify [their] rights to future benefits under the terms of the plan" (29 USC § 1132 [a] [1] [B]). Because Congress intended the civil

enforcement provisions of ERISA to be plaintiff's exclusive remedies for a violation of her rights under the statute (*see, Pilot Life Ins. Co. v Dedeaux, supra,* at 54), her cause of action for noncontractual damages, an unauthorized remedy, is not available (*see, Massachusetts Mut. Life Ins. Co. v Russell,* 473 US 134, 146-148; *Lee v Burkhart,* 991 F2d 1004, 1009). Plaintiff's contention that the United States Supreme Court reversed itself on whether extracontractual damages were available under 29 USC § 1132 (a) (1) (B) (*see, Ingersoll-Rand Co. v McClendon,* 498 US 133) is misplaced (*see, Mertens v Hewitt Assocs.,* 508 US 248 [*equitable* remedies available under ERISA do not include legal relief in the form of compensatory damages]). Accordingly, Supreme Court should have dismissed plaintiff's third cause of action.

However, we cannot say that Supreme Court abused its discretion by failing to consider defendant's Statute of Limitations defense as a bar to plaintiff's three remaining reimbursement claims. It was not argued in defendant's notice of motion (*see,* CPLR 2214 [a]) and was improperly raised for the first time in defendant's reply affidavit (*see, Dannasch v Bifulco,* 184 AD2d 415, 416; *Ritt v Lenox Hill Hosp.,* 182 AD2d 560, 561).

White, Casey, Peters and Spain, JJ., concur. Ordered that the order is reversed, on the law, with costs, motion granted, partial summary judgment awarded to defendant and the third cause of action of the amended complaint is dismissed.