■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ORLANDO BOYD, Appellant. [683 NYS2d 226] —Order, Supreme Court, Bronx County (George Covington, J.), entered on or about October 11, 1994, and order, same court (John Byrne, J.), entered January 5, 1998, which denied defendant's motions to vacate the judgment of the same court (George Covington, J.), rendered February 18, 1986, convicting him, after a jury trial, of attempted robbery in the first degree and burglary in the first degree, and sentencing him, as a persistent violent felony offender, to concurrent terms of 20 years to life, unanimously affirmed.

The court properly exercised its discretion in denying, without a hearing, defendant's motions to vacate the judgment made on the basis of allegedly newly discovered evidence, which consisted of minor contradictions of testimony given in defendant's criminal trial, to be found in depositions subsequently taken in a related civil case from the complainant and another witness, who did not testify in the criminal trial. This evidence was not of such character as to create the probability that, had it been received at trial, the verdict would have been more favorable to defendant (CPL 440.10 [1] [g]; *People v Salemi*, 309 NY 208, *cert denied* 350 US 950).

Defendant was not entitled to a hearing on his claim made pursuant to *Brady v Maryland* (373 US 83). There is no reasonable possibility that the specific purportedly exculpatory information that defendant claims to have been known to the police or prosecution could have affected the verdict (*see, People v Vilardi,* 76 NY2d 67, 77). Concur—Nardelli, J. P., Wallach, Rubin and Williams, JJ.