■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALBERT T. MALLIA, Appellant. [860 NYS2d 257]—

Mercure, J.P. Appeal from a judgment of the County Court of Broome County (Smith, J.), rendered April 26, 2007, upon a verdict convicting defendant of the crimes of grand larceny in the fourth degree (three counts) and petit larceny.

In May 2006, defendant's friend, Paul Korniczky, asked defendant to check on Korniczky's numerous dogs at his residence in the Town of Nanticoke, Broome County, while he was out of town. After entering Korniczky's house, defendant found him dead in his bedroom. Defendant then called his friend, Earl Ses-

---

sions, who arrived at the house approximately 30 minutes later with his flatbed truck. Defendant stated that Sessions "ransacked" the house, searching for money. Ultimately, Sessions, along with his son and nephew, used two flatbed trucks to remove several items from Korniczky's property, including rifles that defendant had placed in Sessions' truck, an all-terrain vehicle, tractors and a riding lawn mower. In addition, defendant and Sessions took $246 found in Korniczky's pants.

Police discovered Korniczky's body a few days later while defendant was at the property and, thereafter, Korniczky's son reported to police that several items had been taken from the property. Police interviewed Sessions and arranged for him to place a recorded telephone call to defendant regarding the alleged theft. Defendant subsequently provided a written statement to police admitting to the removal of property from Korniczky's residence. Defendant and Sessions were charged in two indictments with numerous counts of grand larceny in the fourth degree and petit larceny.* Following a jury trial, defendant was convicted of three counts of grand larceny in the fourth degree and one count of petit larceny. County Court sentenced him to an aggregate term of 1 to 3 years in prison. Defendant now appeals, arguing that his convictions of grand larceny were not supported by legally sufficient evidence and were against the weight of the evidence. We disagree.

In order to prove grand larceny in the fourth degree, the People must establish that the defendant, "with intent to deprive another of property or to appropriate the same to himself [or herself] or to a third person," took property that is, as relevant here, valued at more than $1,000 or is a firearm, rifle or shotgun (Penal Law § 155.05 [1]; see Penal Law § 155.30 [1], [7]). Defendant asserts that the People failed to prove that he intended to steal the riding lawn mower and two rifles, and denies that the mower had a value in excess of $1,000. Contrary to defendant's argument, however, Sessions testified that defendant agreed to give him a tractor in exchange for moving other property and equipment from Korniczky's house. Specifically, Sessions stated that he took the riding lawn mower "because that was part of the deal for hauling the stuff." He further indicated that defendant took five guns, including three rifles, and placed them in Sessions' truck.

While defendant claimed that he had permission to remove certain items and that he otherwise participated and refrained from calling police only because Sessions threatened him, he

---

* Sessions pleaded guilty to one count of grand larceny in the fourth degree and was sentenced to five years of probation.

admitted in his written statement that he did not contact police because he knew that he and Sessions did not have permission to remove the guns and money from Korniczky's residence. Moreover, he concededly requested that another friend, John Stockman, remove other materials—including fences and lawn mowers—from the premises a day after discovering the body. In addition, defendant actively concealed his knowledge of Korniczky's death, leaving fake messages on Korniczky's answering machine and informing Korniczky's son that his father was away. Finally, we note that the People presented the testimony of Robert Connelly, an appraiser who assessed the value of the riding lawn mower to be $1,825 after having personally inspected the item.

Viewing the evidence most favorably to the People, we conclude that "there is [a] valid line of reasoning and permissible inferences which could lead a rational person to the conclusion reached by the jury on the basis of the evidence at trial and as a matter of law satisfy the proof and burden requirements for every element of the crime[s] charged" (*People v Bleakley*, 69 NY2d 490, 495 [1987] [citation omitted]; *see People v Russell*, 41 AD3d 1094, 1096 [2007]; *People v Brossoit*, 256 AD2d 919, 921-922 [1998]). Moreover, after considering the evidence in a neutral light and " 'weigh[ing] the relative probative force of conflicting testimony and the relative strength of conflicting inferences that may be drawn from the testimony,' " we cannot say that the jury failed to give the evidence the weight that it should have been accorded (*People v Bleakley*, 69 NY2d at 495 [citation omitted]; *see People v Niver*, 45 AD3d 1051, 1052-1053 [2007], *lv denied* 10 NY3d 769 [2008]).

We have considered defendant's remaining argument that his sentence was harsh and excessive and conclude that it is lacking in merit.

Spain, Lahtinen, Kane and Malone Jr., JJ., concur. Ordered that the judgment is affirmed.