■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD T. SAXTON, Appellant. [907 NYS2d 316]—

Egan Jr., J. Appeal from a judgment of the County Court of Saratoga County (McKeighan, J.), rendered January 8, 2009, upon a verdict convicting defendant of the crimes of falsifying business records in the first degree, failure to pay benefits and criminal contempt in the second degree.

Defendant was an officer of an Internet start-up company known as Wurld Media, Inc. In 2005, Wurld Media began to experience a series of financial difficulties, culminating in an in-

ability of the company to make payroll in 2006. In response to this, Wurld Media instituted an "advance program," whereby employees who had not received their regular paychecks could, however, request an advance of money when needed. Defendant supervised both Wurld Media's payroll and its general ledger, in which was documented the company's financial transactions. Advances were disbursed by either defendant or another officer, were reflected on the general ledger as "loans" and not payroll, and were not reported as amounts paid to employees on Wurld Media's 2006 third and fourth quarter New York State tax reports. Wurld Media also failed to make the required 401(k) contributions from May 2006 through December 2006.

In December 2006, CitiCapital Technology Finance, Inc., an entity that had financed some of the equipment belonging to Wurld Media, obtained a money judgment against Wurld Media in the amount of $145,004.10. In March 2007, upon the application of CitiCapital, Supreme Court (Ferradino, J.) issued a restraining notice prohibiting Wurld Media from transferring, disbursing or otherwise dissipating "payment of proceeds from any sale or transfer of title or assets of [Wurld Media]."

At the same time it was encountering these financial difficulties, Wurld Media was engaged in negotiations to be acquired by Roo Media Group, Inc. Based on a tentative agreement reached between Roo and Wurld Media, between May 2007 and July 2007, Roo made a series of payments in an amount over $454,000 as advances on the purchase of Wurld Media's assets, but the funds were deposited into the personal bank account maintained by Gregory Kerber (Wurld Media's chief executive officer). Kerber then, in turn, made corresponding deposits, in an amount over $451,000, into an account owned by Peer Media Network Corporation, a company affiliated with Wurld Media. From May 2007 through July 2007, defendant, a signatory to the Peer Media account, made disbursements from this same Peer Media account to satisfy debts owed by Wurld Media and also issued a number of checks made payable to himself. In July 2007, Roo and Wurld Media entered into an asset purchase agreement, which, among other things, set forth that part of the purchase price consisted of $800,000 already advanced to Wurld Media.

In November 2007, as a result of a criminal investigation conducted into Wurld Media's operations based on complaints made by former employees that the company failed to pay them for several months, the company improperly listed advances paid to those employees as loans to avoid taxes and also withheld 401(k) contributions, defendant was charged in a nine-

count indictment with offering a false instrument for filing in the first degree (two counts), falsifying business records in the first degree, failure to withhold income taxes, failure to pay benefits,[1] grand larceny in the second degree, grand larceny in the third degree, criminal contempt in the second degree, and money laundering in the fourth degree. Following a jury trial, defendant was convicted of falsifying business records in the first degree (count three), failure to pay benefits (count five) and criminal contempt in the second degree (count eight). Upon his conviction, defendant was sentenced to six months in jail, five years of probation and fines. Defendant now appeals.

Initially, we find that count five of the indictment, charging defendant with a violation of Labor Law § 198-c, is preempted by the Federal Employee Retirement Income Security Act of 1974 (*see* 29 USC § 1001 *et seq.* [hereinafter ERISA]). ERISA was "designed to promote the interests of employees and their beneficiaries in employee benefit plans" (*Shaw v Delta Air Lines, Inc.*, 463 US 85, 90 [1983]). With certain exceptions,[2] ERISA "supersede[s] any and all [s]tate laws insofar as they may now or hereafter relate to any employee benefit plan" (29 USC § 1144 [a]; *see Shaw v Delta Air Lines, Inc.*, 463 US at 98; *Sasso v Vachris*, 66 NY2d 28, 31 [1985]; *Potter v Blue Shield of Northeastern N.Y.*, 216 AD2d 773, 774 [1995]). Labor Law § 198-c applies to "any employer who is party to an agreement to pay or provide benefits or wage supplements to employees or to a third party or fund for the benefit of employees and who fails, neglects or refuses to pay the amount or amounts necessary to provide such benefits or furnish such supplements within thirty days after such payments are required to be made" (Labor Law § 198-c [1]). When applying the "broad common-sense meaning" of the statutory phrase "relate[s] to" (*Matter of Morgan Guar. Trust Co. of N.Y. v Tax Appeals Trib. of N.Y. State Dept. of Taxation & Fin.*, 80 NY2d 44, 49 [1992]), we conclude that Labor Law § 198-c has more than a tenuous, remote or peripheral connection to employee benefit plans (*see id.*; *see also Shaw v Delta Air Lines, Inc.*, 463 US at 100 n 21) and is therefore preempted by ERISA. As such, defendant's conviction of failure to pay benefits under count five of the indictment must be reversed.

1. Before closing arguments, County Court granted the People's motion to amend count five of the indictment from charging defendant with a failure to pay benefits in violation of Labor Law § 198-a (1) to a violation of Labor Law § 198-c.

2. The People concede that Labor Law § 198-c is not a "generally applicable criminal law," thus rendering one of ERISA's exceptions to preemption inapplicable (29 USC § 1144 [a], [b] [4]).

Next, while we disagree that County Court committed reversible error by refusing to grant a circumstantial evidence charge regarding count three of the indictment, falsifying business records in the first degree, we reach a different conclusion with respect to count eight of the indictment, criminal contempt in the second degree. "Whenever a case relies wholly on circumstantial evidence to establish all elements of the charge, the jury should be instructed, in substance, that the evidence must establish guilt to a moral certainty. However, where a charge is supported with both circumstantial and direct evidence, the court need not so charge the jury" (*People v Daddona*, 81 NY2d 990, 992 [1993] [citations omitted]). While there was direct evidence in the record to support count three of the indictment, namely that defendant was responsible for the creation of the financial records alleged to be false, there was no direct evidence linking defendant with the March 2007 restraining notice, which is the court order that defendant was alleged to have violated under count eight. The trial testimony revealed, simply, that the order was mailed to Wurld Media's offices located in the City of Saratoga Springs, Saratoga County by a paralegal employed by CitiCapital's attorneys. Insofar as additional inferences are necessary to reach the conclusion that defendant had notice of and subsequently intentionally disobeyed the March 2007 order (*see* Penal Law § 215.50 [3]), the circumstantial evidence charge was required, and County Court's failure to so charge the jury cannot be considered harmless (*see People v Spencer*, 1 AD3d 709, 710 [2003]).

We turn next to defendant's contention that his conviction of count three was not supported by legally sufficient evidence and was against the weight of the evidence. "When considering a challenge to the legal sufficiency of the evidence, we view the evidence in the light most favorable to the People and will not disturb the verdict if the evidence demonstrates a valid line of reasoning and permissible inferences that could lead a rational person to the conclusion reached by the jury" (*People v Maricevic*, 52 AD3d 1043, 1044 [2008] [citations omitted], *lv denied* 11 NY3d 790 [2008]; *see People v Hampton*, 64 AD3d 872, 874 [2009], *lv denied* 13 NY3d 796 [2009]). A person is guilty of falsifying business records in the first degree when he or she "[(1)] [m]akes or causes a false entry in the business records of an enterprise; or [(2)] [a]lters, erases, obliterates, deletes, removes or destroys a true entry in the business records of an enterprise; or [(3)] [o]mits to make a true entry in the business records of an enterprise in violation of a duty to do so which he [or she] knows to be imposed upon him [or her] by law or by the nature of his [or her] position; or [(4)] [p]revents the mak-

ing of a true entry or causes the omission thereof in the business records of an enterprise" and "when his [or her] intent to defraud includes an intent to commit . . . or to aid or conceal the commission" of another crime (Penal Law §§ 175.05, 175.10).

At trial, there was evidence that defendant, as an officer of the company, supervised Wurld Media's general ledger, executed tax documents and administered both the payroll and advances paid to employees in 2006. There is proof in the record that payroll taxes were not withheld from those advances, that Wurld Media recorded those advances as loans on the general ledger and that defendant signed two quarterly tax reports that did not reflect that those advances were, in fact, payroll to avoid payroll tax liabilities. When viewed in the light most favorable to the People, the proof was legally sufficient to sustain the verdict on this count. Furthermore, in evaluating the evidence in a neutral light and according appropriate deference to the jury's assessment of witness credibility, we find that the verdict on count three is not against the weight of the evidence (*see People v Bleakley*, 69 NY2d 490, 495 [1987]; *People v Burroughs*, 64 AD3d 894, 897 [2009], *lv denied* 13 NY3d 794 [2009]; *People v Hampton,* 64 AD3d at 874; *People v Chatham*, 55 AD3d 1045, 1046 [2008]). Contrary to defendant's contention, the jury could convict defendant of falsifying business records even though he was not convicted of counts one, two and four of the indictment (*see People v McCumiskey,* 12 AD3d 1145, 1145 [2004]).

Next, we find that *People v Molineux* (168 NY 264 [1901]) and *People v Ventimiglia* (52 NY2d 350 [1981]) were not implicated based on defendant's concession that the acts at issue were not prior bad acts (*see People v Daniel*, 206 AD2d 856, 856 [1994], *lv denied* 84 NY2d 906 [1994]; *People v Skinner*, 203 AD2d 891, 891 [1994], *lv denied* 84 NY2d 832 [1994]). Further, as defendant's forensic accountant was permitted to testify regarding the substance of certain charts excluded from evidence, the basis of which was information already admitted into evidence, we find that any error in excluding those charts was harmless (*see generally People v Young*, 35 AD3d 324, 326 [2006], *lv denied* 8 NY3d 992 [2007]; *People v Dempsey*, 177 AD2d 1018, 1019 [1991], *lv denied* 79 NY2d 946 [1992]). Likewise, as defendant was able to utilize the *Rosario* material, the majority of which was eventually attributed to certain individuals, we find that any alleged violation did not contribute to the verdict (*see* CPL 240.75; *People v Jackson*, 78 NY2d 638, 649 [1991]; *People v Tucker*, 40 AD3d 1213, 1215 [2007], *lv denied* 9 NY3d 882 [2007]). Defendant's challenge to the specificity of the jury

charge relating to count three is without merit (*see* Penal Law § 175.10). Likewise, we decline to disturb as harsh and excessive the six-month jail term, the five-year term of probation and the $5,000 fine imposed for defendant's conviction of count three, a class E felony, as we discern no extraordinary circumstances or abuse of discretion warranting a reduction thereof (*see People v Sabin*, 73 AD3d 1390, 1391 [2010]; *People v Somerville* 72 AD3d 1285, 1288-1289 [2010]). Defendant's remaining contentions are academic in light of this decision.

Cardona, P.J., Mercure, Lahtinen and Malone Jr., JJ., concur. Ordered that the judgment is modified, on the law, by reversing defendant's conviction of failure to pay benefits under count five of the indictment and criminal contempt in the second degree under count eight of the indictment; count five dismissed, sentence imposed thereon vacated, and matter remitted to the County Court of Saratoga County for further proceedings pursuant to CPL 460.50 (5) and for a new trial on count eight; and, as so modified, affirmed.