■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EUGENE D. O'HALLORAN, SR., Appellant. [910 NYS2d 569]—

Rose, J. Appeal from a judgment of the County Court of Broome County (Smith, J.), rendered April 3, 2007, upon a verdict convicting defendant of the crimes of sodomy in the first degree, sodomy in the second degree and endangering the welfare of a child.

We previously affirmed defendant's judgment of conviction, noting in part that the record was insufficient to afford meaningful review of the claimed *Brady* violation (*People v O'Halloran*, 48 AD3d 978, 979 [2008], *lv denied* 10 NY3d 868 [2008]). We then granted defendant's subsequent motion for a writ of error coram nobis and reinstated the appeal to allow defendant to raise the issue of whether the withholding of statements of the victim—who was the key prosecution witness—constituted a material *Brady* violation.

While the failure to disclose information that affects the credibility of a key prosecution witness constitutes a *Brady* violation (*see e.g. People v Hawes*, 298 AD2d 706, 708 [2002], *lv denied* 99 NY2d 582 [2003]), we cannot agree with defendant's contention that the People failed to disclose the victim's written statement in which he admitted to certain crimes of his own, or that the People's failure to turn over the video recording of the police interview of the victim when he made that confession constitutes a material *Brady* violation requiring reversal. Even assuming that defendant's request for any record relating to a previous arrest, convictions or participation in dangerous, vicious, immoral, or criminal behavior by the People's witnesses is a specific request (*see People v Scott*, 88 NY2d 888, 891 [1996]; *People v Vilardi*, 76 NY2d 67, 70-72 [1990]; *People v Sibadan*, 240 AD2d 30, 34 [1998], *lv denied* 92 NY2d 861 [1998]), we conclude that there is no reasonable possibility that disclosure of the video would have altered the outcome of the case (*see People v Fuentes*, 12 NY3d 259, 263-264 [2009]; *People v De-*

*mand*, 268 AD2d 901, 903 [2000], *lv denied* 95 NY2d 795 [2000]; *People v Nedrick*, 166 AD2d 725, 727 [1990], *lv denied* 77 NY2d 842 [1991]).

The victim's written confession, along with the handwritten notes of the investigator who interviewed him, were disclosed to the defense as part of the *Rosario* material delivered after jury selection was completed. That, together with the open file disclosure that took place prior to defendant's request for *Brady* material, enabled trial counsel to question the victim about whether he expected leniency for revealing the allegations against defendant, and to repeatedly refer in summation to the victim's alleged motive to fabricate the accusations against defendant. As for the undisclosed video, it was submitted to County Court for review as part of the opposition to defendant's posttrial motion, but was subsequently destroyed, necessitating a reconstruction hearing. The evidence at the hearing, while indicating that the allegations against defendant were mentioned by the victim in the course of his admission to his own crimes, reveals no quid pro quo or anything said by the police or the victim to suggest that the victim thought that he was going to benefit in his own case by implicating defendant. Thus, the written statement was fully utilized and there is no indication in the record that disclosure of the video would have altered defendant's trial strategy or would have provided sufficient additional impeachment material so as to affect the outcome of the trial (*see People v Phillips*, 55 AD3d 1145, 1149 [2008], *lv denied* 11 NY3d 899 [2008]; *People v Stevens*, 216 AD2d 676, 678-679 [1995], *lv denied* 87 NY2d 908 [1995]; *People v Venditto*, 171 AD2d 952, 952-953 [1991], *lv denied* 78 NY2d 1130 [1991]). We have considered defendant's remaining contentions and find them to be unavailing.

Spain, J.P., Kavanagh, McCarthy and Egan Jr., JJ., concur. Ordered that the judgment is affirmed.