(June 9, 2011)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARK E. SMITH, Appellant. [924 NYS2d 223]—

Kavanagh, J. Appeal, by permission, from an order of the County Court of Franklin County (Lawliss, J.), entered June 19, 2007, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction.

In September 2002, defendant was convicted following a jury trial of the crimes of rape in the first degree, sodomy in the first degree, burglary in the first degree, criminal contempt in the first degree, aggravated criminal contempt, assault in the second degree and menacing in the second degree in relation to an incident that occurred on October 23, 2001. After being sentenced, an appeal was taken and this Court affirmed his convictions (*People v Smith,* 9 AD3d 745 [2004], *lv denied* 3 NY3d 742 [2004]).

In July 2006, defendant moved pursuant to CPL 440.10 to vacate the judgment of conviction alleging, among other things,

that the District Attorney's office, during its prosecution, violated its obligations under *Brady v Maryland* (373 US 83 [1963]). After issuing an order in May 2007 partially denying the motion, County Court held an evidentiary hearing on the remaining issues and subsequently denied defendant's motion in its entirety. Having been granted permission from this Court, defendant now appeals and we affirm.

Specifically, defendant claims that he was denied a fair trial when the Assistant District Attorney (hereinafter the ADA) charged with his prosecution failed to disclose that a key prosecution witness had been offered a favorable plea to an unrelated charge prior to testifying at defendant's trial. While " 'an agreement between the prosecution and a witness, made to induce the testimony of the witness, is evidence which must be disclosed under *Brady* principles' " (*People v Novoa*, 70 NY2d 490, 496 [1987], quoting *People v Cwikla*, 46 NY2d 434, 441 [1979]; *see People v Griffin*, 48 AD3d 894, 896 [2008], *lv denied* 10 NY3d 959 [2008]), here, there is no evidence that the plea that was offered to the witness was in any way related to his appearance at defendant's trial.

When defendant's trial began, the witness was facing prosecution for driving while intoxicated (hereinafter DWI) as a felony, and that charge was being prosecuted by the Franklin County District Attorney's office in a town court. On the day prior to the witness appearing and testifying at defendant's trial, the District Attorney sent a letter to the town court where the DWI charge was pending, authorizing a reduced plea to a misdemeanor in full satisfaction of all charges pending against the witness and recommending that a sentence be imposed that included a fine and three years of probation. The ADA charged with defendant's prosecution denied knowing of the proposed disposition or of the District Attorney's letter when the witness testified at defendant's trial. At the hearing held after defendant's conviction, both the District Attorney and the ADA submitted affirmations indicating that the witness's DWI charge was handled pursuant to established procedures then in effect in the District Attorney's office, and denied that the reduced plea was offered in exchange for the witness's testimony at defendant's trial. The witness also testified at the hearing that he had no knowledge of any plea offer being made in regard to his DWI charge when he testified at defendant's trial, and claimed not to have had any discussion regarding a proposed plea agreement with any member of the District Attorney's staff. While disclosure of this plea offer should have been made, we agree with County Court that no evidence has been presented

establishing that a relationship existed between the proposed plea and the witness's appearance at trial. Absent some evidence establishing that the ADA knew of the proposed plea when the witness testified and deliberately failed to disclose it, or that a connection, in fact, existed between the proposed plea and the witness's appearance at defendant's trial, a *Brady* violation was not committed simply because the prosecution did not inform defendant of the terms of this plea.

Defendant also argues that the People violated its obligation under *Brady* by not insuring that he was provided with a complete copy of the victim's employment records on file with the Franklin County Sheriff's Department prior to her testifying at trial. During the trial, defendant subpoenaed these records from the Sheriff's Department, which were subsequently delivered to County Court. The court performed an in camera review of the documents that had been produced and directed that some of the material be made available to defendant for his use during the trial. Thereafter, it was determined that the entire file had not been delivered to the court as required by the subpoena. County Court examined the documents that had not been previously disclosed and correctly concluded that since the Sheriff's Department was not the investigating agency, and none of its personnel were involved in the investigation of defendant, the records were not under the People's control when the entire file was not initially produced (*see People v Tucker*, 40 AD3d 1213, 1216 [2007], *lv denied* 9 NY3d 882 [2007]). Moreover, the records in question involved collateral issues raised at trial and focused on information that, in large measure, had been previously disclosed in other documents given to defendant (*see generally People v Santorelli*, 95 NY2d 412, 421 [2000]; *People v Wright*, 86 NY2d 591, 598 [1995]). As a result, defendant has not demonstrated that he has been prejudiced by the failure of the Sheriff's Department to produce the entire file and, more importantly, that there was a reasonable possibility that this jury would have arrived at a different verdict had he been given access to all of these documents at trial (*see People v Fuentes*, 12 NY3d 259, 263 [2009]; *People v Auleta*, 82 AD3d 1417, 1420-1421 [2011]; *People v Phillips*, 55 AD3d 1145, 1149 [2008], *lv denied* 11 NY3d 899 [2008]; *People v Crandall*, 38 AD3d 996, 997 [2007], *lv denied* 9 NY3d 842 [2007]).

Mercure, J.P., Rose, Lahtinen and McCarthy, JJ., concur. Ordered that the order is affirmed.