■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD T. SAXTON, Appellant. [941 NYS2d 308]—

Egan Jr., J. Appeals (1) from a decision of the County Court of Saratoga County (McKeighan, J.), dated December 9, 2010, which denied defendant's motion to stay the imposition of his sentence of imprisonment, and (2) by permission, from an order of said court, entered January 31, 2011, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction, without a hearing.

Defendant, an officer in an Internet start-up company known as World Media, Inc., was charged in a nine-count indictment with—insofar as is relevant here—falsifying business records in the first degree (count 3), failure to pay benefits (count 5) and criminal contempt in the second degree (count 8). Following a jury trial, defendant was convicted of those counts and sentenced to, among other things, six months in jail.[1] Upon appeal, this Court dismissed count 5 and remitted the matter for a new trial as to count 8 and the imposition of the previously imposed sentence as to count 3 (75 AD3d 755 [2010], *lv denied* 15 NY3d 924 [2010]).[2] In the interim, defendant sought various records from the Department of Taxation and Finance pursuant to the Freedom of Information Law (*see* Public Officers Law § 86 *et seq.*) and, following receipt thereof, moved pursuant to CPL 440.10 to vacate the judgment of conviction based upon newly discovered evidence. When defendant appeared in County

---

1. Defendant was released on bail pending his direct appeal.
2. The retrial as to count 8 apparently remains pending.

Court to begin serving his sentence, defense counsel requested an adjournment—citing defendant's various health concerns. County Court denied that request and, thereafter, also denied defendant's CPL article 440 motion without a hearing. These appeals by defendant ensued.[3]

To the extent that defendant purports to appeal from County Court's denial of his request to adjourn the start of his sentence, we note that County Court's bench decision was not reduced to a written order. No appeal lies from an oral decision (*cf. People v Elmer*, 84 AD3d 1593, 1593 [2011], *lv granted* 17 NY3d 903 [2011]; *People v Herne*, 84 AD3d 1589, 1590 [2011]) and, in any event, the denial of counsel's request is not appealable (*see* CPL 450.10, 450.15). Notably, we did not remit this matter for a resentencing, and we previously rejected defendant's assertion that the sentence imposed was harsh and excessive (75 AD3d at 760). Accordingly, defendant's appeal in this regard is dismissed.

As for defendant's CPL 440.10 motion, we cannot say that County Court abused its discretion in denying this application without a hearing. The crux of defendant's argument on this point is that the People violated *Brady* and/or *Rosario* by failing to disclose a certain computer "screen shot," as well as the identity of the investigator who authored the "World Media Overview" document for the Department of Taxation and Finance.[4] The screen shot in question provides as follows: "MR. SAXTON, LOOKING TO FILED AN AMENDED RAN FOR THE 12/06 WH TAX PER; ARRANGEMENTS TO PAY BALANCE DUE ON PAYMENT SCHEDULE. ADVSD REP I WILL CASE. TP CAN BE REACHED AT [ ]."

Assuming, without deciding, that this document was specifically requested by the defense, thus subjecting it to the less stringent "reasonable possibility that it would have changed the result of the proceedings" standard (*People v Fuentes*, 12 NY3d 259, 263 [2009] [internal quotation marks omitted]; *see People v O'Halloran*, 77 AD3d 1169, 1169 [2010], *lv denied* 15 NY3d 954 [2010]), we nonetheless fail to see how the subject screen shot qualifies as exculpatory or impeaching evidence that was material to the defense—all necessary components of a *Brady* violation (*see People v Fuentes*, 12 NY3d at 263; *People v Newland*, 83 AD3d 1202, 1204 [2011], *lv denied* 17 NY3d 798 [2011]; *People v Auleta*, 82 AD3d 1417, 1420 [2011], *lv denied* 17 NY3d 813

---

**3.** Again, defendant was released on bail pending appeal.

**4.** .Defendant initially raised a similar claim with respect to a third document but, as he has not briefed that alleged error on appeal, we deem any issue in this regard to be abandoned (*see People v Halliard*, 20 AD3d 674, 679 n 3 [2005], *lv denied* 5 NY3d 853 [2005]).

[2011]). Contrary to defendant's assertion, his subsequent desire or plan to file an amended tax return in no way speaks to—much less negates—his intent at the time that the underlying business entries were made. We therefore conclude that there is no reasonable possibility that disclosure of this document would have altered the outcome of defendant's trial (*see People v Fuentes*, 12 NY3d at 259-260; *People v Smith*, 85 AD3d 1297, 1299 [2011]).

Defendant's claimed *Rosario* violation is equally lacking in merit. Defendant does not dispute that he was provided with a copy of the document entitled "World Media Overview" prior to trial; rather, he contends that counsel's cross-examination of the People's witnesses would have been enhanced by knowing the author thereof. To the extent that defendant's argument in this regard was not considered and rejected on his direct appeal,[5] we conclude that there is no reasonable possibility that the alleged violation contributed to the verdict (*see People v Jackson*, 78 NY2d 638, 649 [1991]). Defendant's remaining contentions, to the extent not specifically addressed, have been examined and found to be lacking in merit.

Peters, J.P., Rose, Kavanagh and Garry, JJ., concur. Ordered that the appeal from the decision dated December 9, 2010 is dismissed. Ordered that the order entered January 31, 2011 is affirmed, and matter remitted to the County Court of Saratoga County for further proceedings pursuant to CPL 460.50 (5).

---

**5.** Defendant acknowledges that, when this matter was last before us, he "generally claimed that the People violated their *Rosario* obligation when they did not disclose the identities of witnesses of some of the records produced"—an argument that this Court soundly rejected (75 AD3d at 759).