■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD L. GIBSON, Appellant. [987 NYS2d 513]—

Peters, P.J. Appeal from a judgment of the County Court of Clinton County (McGill, J.), rendered February 22, 2013, upon a verdict convicting defendant of the crimes of grand larceny in the fourth degree and falsifying business records in the second degree.

As the manager of a Dollar General store, defendant was tasked with depositing the day's earnings into the store's bank account at the end of his shift. On October 16, 2011, he deposited the day's receipts, but allegedly withheld $1,000.05. Based upon allegations that he falsified one of the deposit slips and related financial records in order to steal the money undetected, defendant was charged with grand larceny in the fourth degree and falsifying business records in the second degree. Following a jury trial, he was convicted as charged and sentenced to, among other things, a three-year conditional discharge and ordered to pay restitution. He now appeals, arguing that the evidence is legally insufficient to support his convictions and that the jury's verdict is against the weight of the evidence.

A person is guilty of grand larceny in the fourth degree "when, with intent to deprive another of property or to appropriate the same to himself or [herself]," he or she steals property exceeding $1,000 in value (Penal Law § 155.05 [1]; *see* Penal Law § 155.30 [1]; *People v Abbott*, 107 AD3d 1152, 1154 [2013]; *People v Mallia*, 52 AD3d 964, 965 [2008], *lv denied* 11 NY3d 738 [2008]). Additionally, a person commits the crime of

falsifying business records in the second degree "when, with intent to defraud, he [or she m]akes or causes a false entry in the business records of an enterprise . . . or [o]mits to make a true entry" in such records (Penal Law § 175.05 [1], [3]; *see People v Saxton*, 75 AD3d 755, 758-759 [2010], *lv denied* 15 NY3d 924 [2010]). Both larcenous and fraudulent intent are rarely susceptible to proof by direct evidence and must ordinarily be inferred from the circumstances surrounding a defendant's actions (*see People v Norman*, 85 NY2d 609, 619-620 [1995]; *People v Monteiro*, 93 AD3d 898, 899 [2012], *lv denied* 19 NY3d 964 [2012]; *People v Russell*, 41 AD3d 1094, 1096 [2007], *lv denied* 10 NY3d 964 [2008]).

According to the testimony of the district manager of Dollar General, a tender report is generated by the cash register over the course of a day that accounts for each item scanned for purchase, and such report "cannot be altered." He testified that the tender report for October 16, 2011 listed the day's cash earnings as $3,344.84, but defendant—the only store employee who had access to these funds—filled out the bank deposit slip, the store's deposit log and the tear strip on the bank deposit bag indicating a cash total of $2,344.79 on each. Further, although defendant made three deposits on October 16, 2011, he recorded one of the deposits as being made on October 17, 2011, failed to list the amount of each currency denomination—in violation of the practices generally followed by Dollar General and defendant himself—and used different color inks as if to indicate that the deposits were made on different dates. Both the district manager and the store's loss prevention manager found it suspicious that defendant knew the currency denominations when interviewed one month after the funds went missing and that the denominations he provided added up to the approximate amount that should have been deposited, rather than the actual amount that was deposited. Additionally, the bank teller who received defendant's night deposit testified that the deposit in question contained only $2,344.79 in cash, that there was no evidence that such deposit bag had been tampered with and that, if she had made an error, another teller or the bank's computer system would have caught it.

Upon viewing the evidence in the light most favorable to the People, we find that defendant's wrongful intent is readily inferable and that a valid line of reasoning exists from which a rational trier of fact could have found beyond a reasonable doubt that defendant committed the crimes for which he was convicted (*see People v Norman*, 85 NY2d at 619-620; *People v Abbott*, 107 AD3d at 1155; *People v Mallia*, 52 AD3d at 966; *People v Miller*,

23 AD3d 699, 700-701 [2005], *lv denied* 6 NY3d 815 [2006]; *People v Fuschino*, 278 AD2d 657, 658-659 [2000], *lv denied* 96 NY2d 800 [2001]). Likewise, we are unconvinced that the verdict is contrary to the weight of the evidence. Defendant maintains that the evidence supports a finding that the deposit shortage was due to his mistake and the bank's error or theft, challenges the accuracy of the tender report at issue here and notes his otherwise unblemished record with the store, which earned him a bonus that he would have received less than a week after he was terminated. However, these issues were fully explored during the trial and presented for the jury's consideration, which was free to accept certain pieces of evidence and reject others, as well as to credit the testimony implicating defendant in the crimes (*see People v Carr-El*, 99 NY2d 546, 547 [2002]; *People v Dunbar*, 31 AD3d 895, 896 [2006], *lv denied* 7 NY3d 867 [2006]). Considering the evidence in a neutral light and "weigh[ing] the relative probative force of conflicting testimony and the relative strength of conflicting inferences that may be drawn from the testimony," we cannot say that the jury failed to give the evidence the weight that it should have been accorded (*People v Bleakley*, 69 NY2d 490, 495 [1987] [internal quotation marks and citation omitted]; *see People v Fomby*, 101 AD3d 1355, 1356 [2012]; *People v Race*, 78 AD3d 1217, 1221 [2010], *lv denied* 16 NY3d 835 [2011]; *People v Saxton*, 75 AD3d at 759).

Lahtinen, Garry and Rose, JJ., concur. Ordered that the judgment is affirmed.