plication for leave to appeal therefrom (see CPL 450.15 [1]; 460.15).

Petitioner commenced these original proceedings pursuant to CPLR article 78 in the nature of mandamus. In proceeding No. 1, petitioner seeks to compel respondent to determine the issues raised in his CPL article 440 motions or, alternatively, to remit the motions to County Court for purposes of an evidentiary hearing on the grounds raised. It is well established that "[t]he writ of mandamus is an extraordinary remedy that lies only to compel the performance of acts which are mandatory, not discretionary, and only when there is a clear legal right to the relief sought" (Matter of Johnson v Corbitt, 87 AD3d 1214, 1215 [2011], lv denied 18 NY3d 802 [2011]; see Matter of Legal Aid Socy. of Sullivan County v Scheinman, 53 NY2d 12, 16 [1981]; Matter of State of New York v King, 36 NY2d 59, 62 [1975]). Trial courts are vested with the discretion to grant or deny a CPL article 440 motion, either with or without a hearing (see CPL 440.10 [1]; People v Saxton, 93 AD3d 1077, 1078 [2012], lv denied 18 NY3d 998 [2012]; People v Boyd, 256 AD2d 170, 170 [1998], lv denied 93 NY2d 850 [1999]), and the denial of such a motion is appealable only by leave of an intermediate appellate court (see CPL 450.15, 460.15; People v Jermain, 56 AD3d 1165, 1166 [2008], lv denied 11 NY3d 926 [2009]). Thus, "inasmuch as the [decision whether to grant or deny such a motion] is entrusted to respondent's discretion and judgment . . . [,] mandamus does not lie" (Matter of Johnson v Fischer, 104 AD3d 1004, 1005 [2013]). We therefore dismiss the petition in proceeding No. 1.

In proceeding No. 2, petitioner seeks to compel respondent to "process" his petition in proceeding No. 1 or, in the alternative, to transfer the matter to another court. Because respondent subsequently accepted petitioner's papers in proceeding No. 1 for filing and transferred the proceeding to this Court for determination, we conclude that proceeding No. 2 has been rendered academic and the petition therein is therefore dismissed (see e.g. Matter of Mitchell v Knipel, 121 AD3d 792, 792 [2014], lv denied 24 NY3d 912 [2014]). In proceeding No. 3, petitioner seeks to prohibit respondent from dismissing the first two proceedings and to compel respondent to transfer the proceedings to a different court. That proceeding has been rendered academic for the same reasons set forth above, and we therefore dismiss the petition in proceeding No. 3. Present—Scudder, P.J., Fahey, Peradotto, Carni and Whalen, JJ.

■ In the Matter of AMIL DINSIO, Petitioner, v SUPREME COURT, APPELLATE DIVISION, THIRD JUDICIAL DEPARTMENT, Re-

spondent. (Proceeding No. 2.) [999 NYS2d 780]—Proceeding pursuant to CPLR article 78 (initiated in the Appellate Division of the Supreme Court in the Third Judicial Department and transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Appellate Division of the Supreme Court in the Third Judicial Department entered June 20, 2014).

It is hereby ordered that said petition is unanimously dismissed without costs.

Same memorandum as in *Matter of Dinsio v Supreme Ct., Appellate Div., Third Jud. Dept.* ([proceeding No. 1] 125 AD3d 1313 [2015]). Present—Scudder, P.J., Fahey, Peradotto, Carni and Whalen, JJ.

■ In the Matter of AMIL DINSIO, Petitioner, v SUPREME COURT, APPELLATE DIVISION, THIRD JUDICIAL DEPARTMENT, Respondent. (Proceeding No. 3.) [999 NYS2d 781]—Proceeding pursuant to CPLR article 78 (initiated in the Appellate Division of the Supreme Court in the Third Judicial Department and transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Appellate Division of the Supreme Court in the Third Judicial Department entered June 20, 2014).

It is hereby ordered that said petition is unanimously dismissed without costs.

Same memorandum as in *Matter of Dinsio v Supreme Ct., Appellate Div., Third Jud. Dept.* ([proceeding No. 1] 125 AD3d 1313 [2015]). Present—Scudder, P.J., Fahey, Peradotto, Carni and Whalen, JJ.

■ JAMES ZIMMER, Respondent-Appellant, v TOWN OF LANCASTER INDUSTRIAL DEVELOPMENT AGENCY et al., Appellants-Respondents. [3 NYS3d 815]—

Appeal and cross appeal from an order of the Supreme Court, Erie County (Frederick J. Marshall, J.), entered October 11, 2013. The order granted plaintiff's motion for partial summary judgment and granted in part and denied in part defendants' cross motion for summary judgment.

It is hereby ordered that the order so appealed from is unanimously modified on the law by granting those parts of the cross motion seeking summary judgment dismissing the Labor Law § 200 and common-law negligence causes of action and by denying that part of the cross motion seeking summary judgment dismissing the Labor Law § 241 (6) cause of action