# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**62**

**OP 14-01189**

PRESENT: SCUDDER, P.J., FAHEY, PERADOTTO, CARNI, AND WHALEN, JJ.

---

IN THE MATTER OF AMIL DINSIO, PETITIONER,

V                                                    MEMORANDUM AND ORDER

SUPREME COURT, APPELLATE DIVISION, THIRD
JUDICIAL DEPARTMENT, RESPONDENT.
(PROCEEDING NO. 1.)

---

AMIL DINSIO, PETITIONER PRO SE.

ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (FRANK BRADY OF
COUNSEL), FOR RESPONDENT.

-----------------------------------------------------------------------------

Proceeding pursuant to CPLR article 78 (initiated in the
Appellate Division of the Supreme Court in the Third Judicial
Department and transferred to the Appellate Division of the Supreme
Court in the Fourth Judicial Department by order of the Appellate
Division of the Supreme Court in the Third Judicial Department entered
June 20, 2014).

It is hereby ORDERED that said petition is unanimously dismissed
without costs.

Memorandum:  In 1997, petitioner was convicted upon a jury
verdict of, inter alia, robbery in the first degree and, on appeal,
the judgment was modified in part and otherwise affirmed (*People v
Dinsio*, 286 AD2d 517, 519, *lv denied* 97 NY2d 703, *cert denied* 536 US
942).  Petitioner thereafter filed several motions pursuant to CPL
article 440 seeking to vacate the judgment on various grounds,
including the alleged destruction and fabrication of evidence.  County
Court denied the motions, and respondent denied petitioner's
application for leave to appeal therefrom (*see* CPL 450.15 [1];
460.15).

Petitioner commenced these original proceedings pursuant to CPLR
article 78 in the nature of mandamus.  In proceeding No. 1, petitioner
seeks to compel respondent to determine the issues raised in his CPL
article 440 motions or, alternatively, to remit the motions to County
Court for purposes of an evidentiary hearing on the grounds raised.
It is well established that "[t]he writ of mandamus is an
extraordinary remedy that lies only to compel the performance of acts
which are mandatory, not discretionary, and only when there is a clear
legal right to the relief sought" (*Matter of Johnson v Corbitt*, 87
AD3d 1214, 1215, *lv denied* 18 NY3d 802; *see Matter of Legal Aid Socy.*

*of Sullivan County v Scheinman*, 53 NY2d 12, 16; *Matter of State of New York v King*, 36 NY2d 59, 62). Trial courts are vested with the discretion to grant or deny a CPL article 440 motion, either with or without a hearing (*see* CPL 440.10 [1]; *People v Saxton*, 93 AD3d 1077, 1078, *lv denied* 18 NY3d 998; *People v Boyd*, 256 AD2d 170, 170, *lv denied* 93 NY2d 850), and the denial of such a motion is appealable only by leave of an intermediate appellate court (*see* CPL 450.15, 460.15; *People v Jermain*, 56 AD3d 1165, 1166, *lv denied* 11 NY3d 926). Thus, "inasmuch as the [decision whether to grant or deny such a motion] is entrusted to respondent's discretion and judgment . . . [,] mandamus does not lie" (*Matter of Johnson v Fischer*, 104 AD3d 1004, 1005). We therefore dismiss the petition in proceeding No. 1.

In proceeding No. 2, petitioner seeks to compel respondent to "process" his petition in proceeding No. 1 or, in the alternative, to transfer the matter to another court. Because respondent subsequently accepted petitioner's papers in proceeding No. 1 for filing and transferred the proceeding to this Court for determination, we conclude that proceeding No. 2 has been rendered academic and the petition therein is therefore dismissed (*see e.g. Matter of Mitchell v Knipel*, 121 AD3d 792, 792, *lv denied* ___ NY3d ___ [Dec. 18, 2014]). In proceeding No. 3, petitioner seeks to prohibit respondent from dismissing the first two proceedings and to compel respondent to transfer the proceedings to a different court. That proceeding has been rendered academic for the same reasons set forth above, and we therefore dismiss the petition in proceeding No. 3.

Entered:  February 6, 2015                    Frances E. Cafarell
                                              Clerk of the Court