— Appeal by the defendant from a judgment of the County Court, Orange County (Berry, J.), rendered March 30, 2015, convicting him of attempted assault in the first degree, intimidating a victim or witness in the second degree (three counts), criminal mischief in the second degree, aggravated criminal contempt, criminal contempt in the first degree, conspiracy in the second degree, and criminal solicitation in the second degree, upon a jury verdict, and imposing sentence.
 

 Ordered that the judgment is affirmed.
 

 The defendant’s contention, raised in his main brief and his pro se supplemental brief, that the convictions of attempted assault in the first degree, intimidating a victim or witness in the second degree (three counts), and conspiracy in the second degree were not supported by legally sufficient evidence is unpreserved for appellate review (see CPL 470.05 [2]; People v Hawkins, 11 NY3d 484, 492 [2008]). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish the defendant’s guilt of those crimes beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15 [5]; People v Danielson, 9 NY3d 342, 348 [2007]), we nevertheless accord great deference to the factfinder’s opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410 [2004]; People v Bleakley, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt as to those crimes was not against the weight of the evidence (see People v Romero, 7 NY3d 633, 643-644 [2006]).
 

 The defendant’s contention that he was deprived of a fair trial based on several instances of alleged prosecutorial misconduct is unpreserved for appellate review, since defense counsel did not object to any of the alleged misconduct (see CPL 470.05 [2]). In any event, none of the alleged prosecutorial misconduct deprived the defendant of a fair trial (see People v Alphonso, 144 AD3d 1168 [2016]).
 

 Contrary to the defendant’s contention, raised in his main brief and pro se supplemental brief, he was not deprived of the effective assistance of counsel, as defense counsel provided meaningful representation (see People v Benevento, 91 NY2d 708 [1998]; People v Baldi, 54 NY2d 137 [1981]).
 

 The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80 [1982]).
 

 The defendant’s remaining contention, raised in his pro se supplemental brief, is without merit.
 

 Balkin, J.P., Austin, Sgroi and LaSalle, JJ., concur.