People v Booker (2021 NY Slip Op 03602)





People v Booker


2021 NY Slip Op 03602


Decided on June 9, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 9, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
MARK C. DILLON
ROBERT J. MILLER
FRANCESCA E. CONNOLLY, JJ.


2019-11299
 (Ind. No. 16-186)

[*1]The People of the State of New York, respondent,
v
Walter Booker, appellant.


Sussman and Associates, Goshen, NY (Jonathan R. Goldman of counsel), for appellant.
Thomas E. Walsh II, District Attorney, New City, NY (Jacob B. Sher of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Rockland County (Larry J. Schwartz, J.), rendered August 27, 2019, convicting him of falsifying business records in the second degree, issuing a false certificate, and official misconduct, after a nonjury trial, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant, the former Chief Building Inspector for the Village of Spring Valley, was charged by superseding indictment with falsifying business records in the second degree (three counts), issuing a false certificate (three counts), and official misconduct (three counts). The People alleged, inter alia, that in May 2012, the defendant voided a certificate of occupancy dated September 23, 2011, that was issued by another building inspector designating a property located in the Village (hereinafter the subject property) as a one-family dwelling, and fraudulently issued another certificate of occupancy backdated to September 23, 2011, that designated the subject property as a two-family dwelling, in order to enable the property owner to operate two licensed daycare programs from the subject property and to thereby obtain funds from the Department of Social Services for those two programs. A nonjury trial was conducted, and the defendant was convicted of one count of falsifying business records in the second degree, one count of issuing a false certificate, and one count of official misconduct, all in connection with his issuing the backdated certificate of occupancy. Thereafter, the defendant moved to set aside the verdict pursuant to CPL 330.30(1), arguing that the evidence was legally insufficient to support the County Court's verdict finding him guilty of those crimes. In an order dated August 8, 2019, the court denied the defendant's motion, finding that there was legally sufficient evidence to support the defendant's conviction of those crimes beyond a reasonable doubt. The defendant appeals from the judgment of conviction.
Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt of falsifying business records in the second degree, issuing a false certificate, and official misconduct beyond a reasonable doubt (see Penal Law §§ 175.05[1]; 175.40; 195.00; see People v Flanagan, 28 NY3d 644; People v Gibson, 118 AD3d 1157, 1158; People v Barnes, 117 AD3d 1203, 1207; [*2]People v Clough, 306 AD2d 556, 557). Moreover, upon our independent review of the record (see CPL 470.15[5]), we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Mateo, 2 NY3d 383; People v Bleakley, 69 NY2d 490, 495). The defendant's argument that the evidence was legally insufficient to establish his guilt because the verdict was factually inconsistent is unpreserved for appellate review, since he did not raise this claim until he moved pursuant to CPL 330.30 to set aside the verdict (see CPL 470.05[2]; People v Nichols, 163 AD3d 39, 44; People v Oguntunji, 119 AD3d 712; People v Borukhova, 89 AD3d 194, 225; People v Joseph, 74 AD3d 840, 840). In any event, the defendant's acquittal of additional counts which were based upon his actions in allegedly fraudulently issuing two additional certificates of occupancy that were dated May 22, 2012, and May 14, 2013, and improperly writing a letter dated May 20, 2014, on the property owner's behalf, did not undermine the sufficiency or weight of the evidence supporting the convictions of the crimes which were based upon his issuing the backdated certificate of occupancy (see People v Abraham, 22 NY3d 140, 146-147; People v Yarrell, 75 NY2d 828; People v Jenkins, 176 AD3d 534; People v Williams, 164 AD3d 842, 844; People v Sturges, 164 AD3d 616, 618; People v Ekwegbalu, 131 AD3d 982, 983; People v Alcindor, 118 AD3d 621, 621).
LASALLE, P.J., DILLON, MILLER and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court