People v Moron (2025 NY Slip Op 02221)

People v Moron

2025 NY Slip Op 02221

Decided on April 16, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 16, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
WILLIAM G. FORD
HELEN VOUTSINAS
CARL J. LANDICINO, JJ.

2018-13121
 (Ind. No. 82/17)

[*1]The People of the State of New York, respondent,
v
Todd Moron, appellant.

Mischel & Horn, P.C., New York, NY (Richard E. Mischel of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill, Ellen C. Abbot, and Julien Gutierrez of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Ira H. Margulis, J.), rendered October 9, 2018, convicting him of robbery in the first degree (two counts), unauthorized use of a vehicle in the first degree (two counts), criminal possession of stolen property in the fourth degree (two counts), and reckless endangerment in the first degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant was charged in connection with an incident in July 2016, where two men robbed a victim at gunpoint, stole and damaged one vehicle, and carjacked a second vehicle. The defendant was indicted on two counts of robbery in the first degree, four counts of robbery in the second degree, one count of criminal possession of a weapon in the fourth degree, two counts of unauthorized use of a vehicle in the first degree, two counts of criminal possession of stolen property in the fourth degree, and one count of reckless endangerment in the first degree.
After a jury trial, the defendant was convicted of two counts of robbery in the first degree, two counts of unauthorized use of a vehicle in the first degree, two counts of criminal possession of stolen property in the fourth degree, and one count of reckless endangerment in the first degree. The defendant was found not guilty of two counts of robbery in the second degree and one count of criminal possession of a weapon in the fourth degree. Two counts of robbery in the second degree were dismissed as a matter of law. The defendant appeals.
In fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633). Contrary to the defendant's contention, his acquittals on certain counts did not undermine the weight of the evidence supporting his convictions (see People v Booker, 195 AD3d 743, 744).
The defendant's contention that he was deprived of a fair trial based on several instances of alleged prosecutorial misconduct is unpreserved for appellate review, since defense counsel did not object to any of the alleged misconduct (see CPL 470.05[2]). In any event, none of the alleged prosecutorial misconduct deprived the defendant of a fair trial (see People v DiValentino, 154 AD3d 872, 873).
The defendant's contention that his attorney rendered ineffective assistance of counsel is based, in part, on matter appearing on the record and, in part, on matter outside the record, and thus, constitutes a "mixed claim" of ineffective assistance (People v Maxwell, 89 AD3d 1108, 1109; see People v Evans, 16 NY3d 571, 575 n 2). Since the defendant's claim of ineffective assistance of counsel cannot be resolved without reference to matter outside the record, a CPL 440.10 proceeding is the appropriate forum for reviewing the claim in its entirety, and we decline to review the claim on this direct appeal (see People v Freeman, 93 AD3d 805, 806; People v Maxwell, 89 AD3d at 1109).
CONNOLLY, J.P., FORD, VOUTSINAS and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court