People v Munoz
2026 NY Slip Op 03982
June 24, 2026
Appellate Division, Second Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

The People of the State of New York, respondent,
v
Danny Munoz, appellant.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department
Decided on June 24, 2026
2018-09256, (Ind. No. 6985/16)
Betsy Barros, J.P.
Valerie Brathwaite Nelson
Laurence L. Love
Susan Quirk, JJ.

Patricia Pazner, New York, NY (Sankeerth Saradhi of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Morgan J. Dennehy, and Shlomit Heering of counsel), for respondent.

[*1]
DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Matthew A. Sciarrino, Jr., J.), rendered July 9, 2018, convicting him of unlawful imprisonment in the second degree, assault in the third degree, unlawful surveillance in the second degree, and dissemination of an unlawful surveillance image in the second degree (two counts), upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant was convicted, upon a jury verdict, of unlawful imprisonment in the second degree, assault in the third degree, unlawful surveillance in the second degree and two counts of dissemination of an unlawful surveillance image in the second degree.
The defendant's contentions that the evidence was legally insufficient to support his convictions and that an alleged inconsistency in the verdict rendered it legally defective are unpreserved for appellate review (see CPL 470.05[2]; People v Hawkins, 11 NY3d 484, 492; People v Romgobind, 40 AD3d 1133). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish, beyond a reasonable doubt, the defendant's guilt as to each of the counts for which he was convicted (see People v Danielson, 9 NY3d 342, 349). Contrary to the defendant's contention, his acquittal on certain counts did not undermine the sufficiency of the evidence supporting his convictions (see People v Booker, 195 AD3d 743; People v Hunt, 135 AD3d 624).
Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d at 348-349), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Furthermore, under the circumstances of this case, as part of our review of the weight of the evidence, we decline to "assume the basis for any implied inconsistencies in mixed jury verdicts" (People v Rayam, 94 NY2d 557, 563; see People v Woods, 82 AD3d 1277, 1277-1278). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The defendant's remaining contentions are without merit.
BARROS, J.P., BRATHWAITE NELSON, LOVE and QUIRK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court